PER CURIAM.
In an action to foreclose a second mortgage, appellant, Wright Wurst & Company, Inc., appeals from a final order dismissing with prejudice its second amended complaint with respect to appellee, Vera Jean Hill. We reverse.
The appellant purchased two pieces of property from the appellee (the real estate that is the subject of the foreclosure action and an adjoining lot) and executed and delivered to the appellee a first mortgage on both lots. Appellant then sold both parcels to a third party and took back a second mortgage on one lot. The third party subsequently executed a quitclaim deed on both lots and named the appellee as grantee. The quitclaim deed recited “love and affection” as consideration. The deed was never recorded.
Following default on the second mortgage, the appellant filed a second amended complaint to foreclose the mortgage, naming the appellee as one of the defendants. The complaint alleged that appellee was the owner of the property as she was the named grantee in an unrecorded quitclaim deed. The appellee then filed a motion to dismiss the second amended complaint for failure to state a cause of action. The motion alleged that the quitclaim deed, having been executed for “love and affection,” was without consideration and was invalid where appellee was not alleged to be related to the grantors by consanguinity or affinity. Appellee argued that, as the invalid deed conveyed no interest in the property, she was not properly made a party to the action. The trial court entered an order granting appellee’s motion to dismiss with prejudice, and appellant filed a timely notice of appeal.
We hold that the trial court erred in granting appellee’s motion to dismiss. Although, at the time the trial court granted the motion, authority existed to support appellee’s argument that a quitclaim deed given for love and affection to a nonrela-tive was invalid, see, e.g., Florida National Bank & Trust Co. v. Harris, 366 So.2d 491 (Fla. 3d DCA 1979), the supreme court has since held that an owner of land may make a gift of land to another person regardless of family or marital relationship. Chase Federal Sarings & Loan Assoc. v. Schreiber, 479 So.2d 90 (Fla.1986). We do not, by our holding, render any opinion as to the actual validity of the unrecorded quitclaim deed given to the appellee. We simply hold that the apparent lack of consideration *1275 here does not, without more, render the quitclaim deed invalid.
Unless, and until, the quitclaim deed is determined invalid for some reason not now before us, the appellee is the legal titleholder to the property which is the subject of this foreclosure action. As such, she was properly made a party to the action brought by the appellant.
We, therefore, reverse and remand for proceedings consistent with this decision.
Reversed and remanded.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.