SHARP, Judge.
Sandra Foucart appeals from a final judgment which denied her any remedy in her suit for partition of realty located in Putnam County, Florida, and which set aside as invalid the deed granting her an interest in the real property. Foucart’s mother, Lucille, conveyed her one-half interest in the property to Sandra. The owner of the other one-half interest in the property, A.B. Paul, asserted in his counterclaim to Sandra’s partition suit that the deed to Sandra was invalid and should be vacated. We reverse.
In March of 1982, while Paul and Lucille were living together, Paul executed a quitclaim deed conveying the property to himself and Lucille as joint tenants with a right of survivorship. In February of 1986, three months after Paul and Lucille stopped living together, Lucille conveyed her interest in the property to Sandra for $10.00 and “love and affection.” The deed was duly delivered and recorded in the public records of Putnam County.
The trial court found that Paul’s conveyance to himself and Lucille was a conditional gift made “with the understanding and agreement it would remain in their joint names until the death of the first one of them at which time it would be owned solely by the survivor.” The trial court set aside Lucille’s conveyance to Sandra on the grounds that there was no valuable consideration and that the deed was executed in violation of Lucille’s and Paul’s oral agreement.
On appeal, Sandra argues that the trial court erred in determining that Lucille and Paul entered into an oral conditional gift/agreement which varied the express terms of the deed. The parol evi *1037 dence rule provides that the clear and unambiguous terms of a deed cannot be varied by a prior or contemporaneous verbal agreement.[1] Since there was no ambiguity in this case, and no written evidence of a valid agreement between the parties which altered their rights and duties regarding the realty (even assuming such an agreement would be enforceable), the court’s finding of a conditional gift/agreement was error.
The trial court’s additional reason for voiding Lucille’s deed to Sandra was that it lacked consideration. We note that this ground is not supported by the record either. There was no showing that the $10.00 recited in the deed was not actually paid. Regardless, a conveyance based on a gift, or no consideration, does not void a transfer by deed of real property. Chase Federal Savings and Loan Association v. Schreiber, 479 So.2d 90 (Fla.1985), cert. denied, 476 U.S. 1160, 106 S.Ct. 2282, 90 L.Ed.2d 723 (1986).[2]
This case turns on the application of basic real property principles, well established in Florida law. The conveyance to Lucille and Paul created a joint tenancy with right of survivorship. A joint tenancy with a right of survivorship is terminated upon the alienation or conveyance of the property by a joint tenant to a stranger.[3] Therefore, Lucille’s conveyance of her interest to Sandra severed the joint tenancy, extinguished the right of survivorship, and created a tenancy in common as between Sandra and Paul.
A tenancy in common may be subject to a partition action. § 64.031, Fla. Stat. Florida law provides that costs, including attorney’s fees, may be awarded in such action. § 64.081, Fla.Stat. Since the record conclusively establishes that Sandra owns a one-half interest in the property as a tenant in common with Paul, we reverse and remand to the trial court to grant her petition for partition and to determine costs and fees as provided by law.
REVERSED AND REMANDED.
UPCHURCH, C.J., and DAUKSCH, JJ., concur.

. 23 Fla.Jur.2d Evidence § 332 (1980).

. See also Wright Wurst & Co., Inc. v. Hill, 491 So.2d 1274 (Fla. 2d DCA 1986) (consideration of "love and affection” did not render quit-claim deed invalid”).

.Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659 (1946); Wittock v. Ramponi, 446 So.2d 271 (Fla. 4th DCA 1984); Harelik v. Teshoney, 337 So.2d 828 (Fla. 1st DCA), cert. dismissed, 341 So.2d 1082 (Fla.1976).