BASKIN, Judge.
This appeal follows the entry of final judgment in favor of New Century Bank. The trial court found that New Century Bank’s judgment and execution liens, were prior to and superior to the second mortgage held by Consolidated Dominion Enterprises, Inc., [Consolidated]. The trial court denied Consolidated’s complaint for foreclosure and granted New Century Bank’s petition to quiet title. We reverse.
On April 12, 1978, Richard and Barbara Atherton [the Athertons] purchased the *1122 subject property and granted a first mortgage to First Federal Savings and Loan Association of the Florida Keys.[1] On October 28, 1982, the Athertons transferred title to the subject property by quit-claim deed to Kelly Gale Atherton, their daughter, for consideration of one dollar, but retained possession of the property.
On January 16, 1985, New Century Bank obtained a judgment against the Athertons in the amount of $98,112.44, representing unpaid personal loans. On January 22, 1985, New Century Bank recorded its judgment. New Century Bank did not record the execution lien until February 7, 1985, and did not record the certified judgment until February 13, 1985.
On January 30, 1985, the Athertons and Barbara Atherton, as attorney in fact for Kelly Gale Atherton,[2] granted a second mortgage on the subject property to Kenneth W. Martin in the amount of $65,-280.16. This mortgage was recorded on February 4, 1985. Kelly Gale Atherton recorded her joinder in the mortgage on February 20, 1985.
On February 26, 1985, New Century Bank sought to set aside the conveyance of October 28, 1982, to Kelly Gale Atherton. Consolidated purchased, and Kenneth W. Martin assigned, the second mortgage on August 15, 1985. Consolidated filed its foreclosure action on October 23, 1985.
On June 12, 1986, New Century Bank obtained a final judgment setting aside the conveyance of October 28,1982, and caused the subject property to be sold at sheriffs sale for $85,000.00, which was credited against its judgment. On December 22, 1986, New Century Bank recorded its sheriffs deed. On May 18, 1987, New Century Bank instituted a quiet title action against the Athertons and Consolidated. The Ath-ertons defaulted. Final judgment was entered granting New Century Bank’s petition. Consolidated appeals.
Although the conveyance from the Ath-ertons to their daughter was subsequently set aside as fraudulent,[3] Consolidated took the mortgage as a bona fide purchaser for value without notice. At the time Martin assigned his mortgage to Consolidated, record title revealed only that Kelly Gale Atherton owned the property and had owned it since 1982. The fact that the consideration for the transfer from the Athertons to Kelly Gale was nominal and occurred between family members is insufficient to provide Consolidated with notice of any infirmity in title. Chase Fed. Sav. & Loan Ass’n v. Schreiber, 479 So.2d 90 (Fla.1985), cert. denied, 476 U.S. 1160, 106 S.Ct. 2282, 90 L.Ed.2d 723 (1986); Foucart v. Paul, 516 So.2d 1035 (Fla. 5th DCA 1987), review denied, 525 So.2d 880 (Fla.1988). Additionally, Consolidated had no notice, actual or implied, of any superior interest in the property, Sapp v. Warner, 105 Fla. 245, 141 So. 124 (Fla.1932); First Fed. Sav. & Loan Ass’n of Miami v. Fisher, 60 So.2d 496 (Fla.1952); Hagan v. Sabal Palms, Inc., 186 So.2d 302 (Fla. 2d DCA), cert. denied, 192 So.2d 489 (Fla.1966): New Century did not record its interest until February 1985. Even if New Century had recorded earlier, the Athertons’ debts would have no impact on property owned solely by Kelly Gale and would not have appeared in her chain of title. We hold, therefore, that Consolidated’s interest in the subject property is superior to that of New Century. We therefore reverse the final judgment granting New Century’s petition to quiet title and remand to the trial court for entry of an order granting Consolidated’s complaint for foreclosure.
Reversed and remanded.

. The validity and priority of the first mortgage to First Federal Savings and Loan Association of the Florida Keys are not issues in this appeal.

. No power of attorney was ever filed.

.The judgment obtained by New Century Bank, which set aside as fraudulent the conveyance by the Athertons to their daughter, was rendered in a separate action and is not the subject of this appeal.