629 So.2d 181 (1993)
Juanita Lee ZANAKIS and Michael Zanakis, Appellants,
v.
Sophie ZANAKIS, Appellee.
No. 92-3392.
District Court of Appeal of Florida, Fourth District.
November 3, 1993.
Clarification, Rehearing and Rehearing Denied December 17, 1993.
*182 E. Kent Mathews, Jensen Beach, for appellants.
Charles Sullivan and Canda Brown of Sullivan, Stone, Sullivan & Thacker, Vero Beach, for appellee.
Clarification, Rehearing and Rehearing En Banc Denied December 17, 1993.
KLEIN, Judge.
The trial court imposed a resulting trust on appellants' real estate, and they appeal, arguing that the proof was insufficient to support this relief. We affirm.
During their marriage Sophie and Frank Zanakis purchased rental property, and when Frank died in 1979, Sophie became the sole owner. Sophie had two sons, Mike, in whom she had confidence, and Nick, who was irresponsible. In 1980, with the assistance of counsel, Sophie quitclaimed the property to herself and Mike as joint tenants with the right of survivorship. Sophie testified that the reason she did this was because Mike was older and more responsible, and that on Sophie's death Mike was to deed a one-half interest to Nick. She testified that Mike was to have no beneficial interest in the property until she died, and her testimony was supported by that of her counsel and her cousin. The evidence further showed that until 1991 Mike claimed no interest in the property, made no contributions for its upkeep, and received none of the profits.
Mike's testimony at trial was somewhat different from Sophie's in that he said the property had originally been purchased for the benefit of Nick and was to be conveyed to Nick if Nick overcame his addiction to drugs and alcohol. He believed he was holding the property for Nick's benefit.
Nick was killed in an automobile accident in 1989, leaving a widow, Juanita. Following Nick's death Mike left his wife to move in with Juanita. He eventually divorced his wife and married Juanita. Mike did not list this property as an asset in the dissolution proceedings.
When Sophie and Mike began to argue about the property, Mike quitclaimed his interest in it to Juanita, creating a tenancy in common between Sophie and Juanita. Juanita then filed this partition suit against Sophie, and Sophie counterclaimed, seeking the establishment of a resulting or constructive trust on the property.
The trial court denied Juanita's claim for partition and imposed a resulting trust on the property in favor of Sophie. Juanita and Mike appeal, arguing that a resulting trust cannot be based on these facts.
In Wadlington v. Edwards, 92 So.2d 629 (Fla. 1957), the court stated:
As distinguished from an express trust, there are two types of so-called implied trusts. One is known as a "resulting trust". The other is known as a "constructive trust". Although some confusion exists as to the distinction between the two, it appears to us that our own decisions make the differences clear and dispose of the confusing elements. A resulting trust is simply a status that automatically arises by operation of law out of certain circumstances. A constructive trust is a remedy which equity applies in order to do justice. In the creation of a resulting trust it is *183 essential that the parties actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of the intent. The typical illustration is where one man furnishes the money to buy a parcel of land in the name of another with both parties intending at the time that the legal title is held by the named grantee for the benefit of the unnamed beneficiary.
By contrast, a constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. The element of intent or agreement either oral or written to create the trust relationship is totally lacking. The trust is "constructed" by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem. (Citations omitted).
In the present case Sophie sought both a resulting and a constructive trust. While the facts may not fit precisely within the cases in which resulting trusts have been imposed, they certainly meet the requirements for a constructive trust. Sophie relied on her son, Mike, to hold title to this property for the benefit of Nick, after Sophie's death. Mike, while acknowledging that it was never intended he should own the property, abused the confidence placed in him by Sophie by conveying it to his live-in girlfriend, Nick's widow, whom he then married, thereby unjustly enriching himself. Although the trial court may have mislabeled the trust as a resulting trust instead of a constructive trust, he correctly imposed a trust.
The appellants rely on Foucart v. Paul, 516 So.2d 1035 (Fla. 5th DCA 1987), for the proposition that the clear and unambiguous terms of a deed cannot be varied by parol evidence. Although Foucart involved somewhat similar facts, there is no indication in the opinion that a trust was sought or imposed. The trial court invalidated a deed on the ground that it was a "conditional gift" and lacked consideration. The appellate court reversed because of the parol evidence rule.
Although it would appear that the establishment of equitable trusts involving real estate would violate the parol evidence rule, since these trusts do of course vary the terms of documents, there are probably few rules more well-established than that constructive or resulting trusts involving real estate can be based on parol evidence. Elvins v. Seestedt, 148 Fla. 408, 4 So.2d 532 (1941), and cases cited therein; Williams v. Grogan, 100 So.2d 407 (Fla. 1958); and Varnes v. Dawkins, 624 So.2d 349 (Fla. 1st DCA 1993). This exception to the parol evidence rule is consistent with and may well have emanated from our statute of frauds which specifically excepts these equitable trusts from having to be in writing even though they involve real property. Section 689.05, Florida Statutes (1991), and Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927).
We affirm the judgment in all respects.
HERSEY, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.