CIKLIN, J.
Flagstar Bank, F.S.B. (“Flagstar”) appeals the trial court’s order setting aside a foreclosure sale and final judgment of foreclosure. We reverse because the trial court was without jurisdiction to rule on the mortgagor’s motion which attempted to relitigate matters which a predecessor judge had already decided four months earlier.
On December 2, 2008, Flagstar filed a complaint against Darcy Caravalho Cleveland a/k/a Darcy L. Caravalho (“Caraval-ho”), seeking foreclosure of a residential mortgage and reestablishment of a lost note. Caravalho did not file an answer or other responsive pleading.
On December 31, 2008, Flagstar filed a motion for summary final judgment of foreclosure and scheduled the motion to be heard on August 24, 2009. Flagstar subsequently cancelled the summary judgment hearing due to Caravalho’s filing of a “Suggestion of Bankruptcy” on July 20, 2009. After confirming that Caravalho’s bankruptcy case had been dismissed, Flagstar re-set the hearing on its summary judgment motion for March 15, 2010. Following a hearing on the rescheduled date, the trial court entered a final summary judgment of foreclosure and set the foreclosure sale for April 20, 2010.
Four days before the sale, Caravalho, who was then represented by counsel, filed a thirty-four-page motion entitled “Emergency Verified Motion to Set Aside Summary Judgment and Cancel Sale Date of April 20, 2010.” The motion was denied on April 20, 2010, but not before Flagstar had already cancelled the sale set for that date. Caravalho did not appeal the trial court’s denial of her motion. The foreclosure sale was rescheduled for August 26, 2010.
On August 13, 2010, Caravalho filed a motion that she titled, “Motion to Dismiss.” This motion, aside from its title, was practically identical to the emergency motion to set aside the summary judgment of foreclosure that Caravalho had filed four months earlier and which was denied by the trial court on April 20, 2010. At this time, the judge who denied the virtually identical motion four months earlier no longer presided over the case. On August 17, 2010, the successor judge entered an order granting Caravalho’s motion to dismiss without prejudice and giving Flagstar twenty days to file an amended complaint.
It is unclear from the record as to why, but the foreclosure sale proceeded as scheduled on August 26, 2010 despite the successor judge’s granting of the motion to dismiss. On September 14, 2010, the trial court entered an “Order Setting Aside Foreclosure Sale and Setting Aside Final Judgment of Foreclosure,” stating it was doing so because Flagstar had “moved forward with the sale in spite of’ the trial court’s previous order dismissing the foreclosure complaint. On September 21, 2010, the trial court granted a motion made by Caravalho for injunctive relief, prohibiting Flagstar and any of its employ *65 ees from entering the property. Flagstar filed a timely notice of appeal and this appeal follows.
Caravalho’s August 13, 2010 motion, notwithstanding its misleading caption, was nothing more than an attempt to relitigate matters which the trial court had already decided four months earlier. This court has long held, however, that “[a] trial court is without jurisdiction to entertain a second motion for relief from judgment which attempts to relitigate matters settled by a prior order denying relief.” Steeprow Enters., Inc. v. Lennar Homes, Inc., 590 So.2d 21, 23 (Fla. 4th DCA 1991) (quoting Atlas v. City of Pembroke Pines, 441 So.2d 652, 652 (Fla. 4th DCA 1983)).
Thus, the trial court erred in granting Caravalho’s August 13, 2010 motion because that motion attempted to relitigate matters which were settled by the April order denying relief.[1] Accordingly, we reverse the trial court’s order setting aside the foreclosure sale and final summary judgment of foreclosure, and the subsequent order granting Caravalho’s motion for injunctive relief. On remand, the trial court is instructed to vacate its August 17, 2010 order purporting to grant Caravalho’s motion to dismiss, enter orders denying Caravalho’s motions, reinstate the final judgment of foreclosure, reinstate the certificate of sale, and finally issue a certificate of title in favor of Flagstar.

Reversed and remanded with instructions.

GERBER and LEVINE, JJ„ concur.

. We also note that even if Caravalho’s August 13, 2010 motion had not been a successive motion, it would have been an abuse of discretion to set aside the final judgment of foreclosure and foreclosure sale based upon the allegations raised in her motion. Caraval-ho argued that the foreclosure judgment should be set aside because Flagstar had not established that it was the owner and holder of the note and mortgage at the time it originally filed its foreclosure complaint, and therefore, did not have standing to institute this foreclosure action. Caravalho, however, never raised this as an affirmative defense, and as such waived this defense. See Phadael v. Deutsche Bank Trust Co. Ams., 83 So.3d 893 (Fla. 4th DCA 2012). Caravalho’s remaining arguments should have been raised in a direct appeal from the final summary judgment of foreclosure and not in a motion to set aside that judgment. See id. ("A ... motion [to set aside a judgment] is not a substitute for rehearing or an appeal.”).