DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TWYLAH ADAMS,**
Appellant,

v.

**ESTATE OF THOMAS DEAN HENDERSON, SR.,**
Appellee.

No. 4D13-3209

[January 21, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Elizabeth A. Metzger, Judge; L.T. Case No. 472011CA000314.

Glenn J. Sneider of Sneider Law, Okeechobee, for appellant.

D. John Rhodeback of Rooney & Rooney, P.A., Vero Beach, for appellee.

CONNER, J.

Twylah Adams appeals the trial court's order granting the Estate's second and successive motion for relief from judgment. Adams raises two issues on appeal: (1) the trial court did not have jurisdiction to hear the Estate's second motion; and (2) the trial court was barred by *res judicata* and collateral estoppel from granting the Estate's second motion. We affirm without discussion the trial court's rulings as to Adams's first argument. We agree with Adams that granting the Estate's second and successive motion was error and reverse because the trial court was without authority to grant relief.

*Pertinent Facts and Trial Proceedings*

Adams filed a complaint against the Estate for, among other causes of action, a resulting trust regarding the decedent's home, in which she claimed an ownership interest. Adams's claim was based on her allegation that she had been in a relationship with the decedent until his death, and during the period they lived together, she paid for improvements to his home and other expenses associated with the home as well.

After effectuating service on the Estate, Adams filed a motion for default based on the Estate's failure to serve any response to the complaint. The clerk entered a default, and Adams filed a motion for final judgment pursuant to the default. The trial court entered a final judgment imposing a resulting trust.

Shortly thereafter, the Estate filed a motion to set aside the default and final judgment ("Motion One"), pursuant to Florida Rule of Civil Procedure 1.540(b). The grounds for Motion One were: (1) "through no fault of the [Estate] and without the [Estate]'s knowledge, the [Estate]'s prior attorney never filed an Answer or motion in this matter"; and (2) Adams "was not entitled to a resulting trust pursuant to the facts alleged in the Complaint," citing to a quote from *Zanakis v. Zanakis*, 629 So. 2d 181 (Fla. 4th DCA 1993). A hearing was held on Motion One.

Prior to receiving a written order on Motion One,[1] the Estate filed a second motion to vacate the default and final judgment ("Motion Two"), also pursuant to Florida Rule of Civil Procedure 1.540(b). The grounds for Motion Two were: (1) Adams did not serve the Estate's attorney with a notice of default before filing the motion, which it argued was required under the circumstances; and (2) the final judgment was void because Adams failed to state a cause of action for a resulting trust, again citing to the same quote from *Zanakis* as cited in Motion One.[2]

On June 3, 2013, the trial court entered an order denying Motion One. On July 25, 2013, a hearing was held on Motion Two. At the hearing, Adams argued that the Estate was barred from making the arguments contained within its successive rule 1.540(b) motion based on *res judicata*. Subsequently, the trial court entered an order granting Motion Two "solely on the basis that [Adam]'s complaint failed to state a cause of action for resulting trust (Count I)." Adams appeals the order on Motion Two.

*Analysis*

"Our standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether

---

[1] Since there were no transcripts provided on appeal from the hearing on Motion One, it is unknown whether the trial court made an oral ruling as to the motion prior to entering its written order.
[2] We do not view Motion Two to be an amendment to Motion One because the first ground in both motions is different. Moreover, the Estate never argued that Motion Two was intended as an amendment to Motion One.

there has been an abuse of the trial court's discretion." *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68 (Fla. 4th DCA 2008) (quoting *Snipes v. Chase Manhattan Mortg. Corp.*, 885 So. 2d 899, 900 (Fla. 5th DCA 2004)) (internal quotation marks omitted).

The Estate stated two grounds for relief in Motion One and two grounds in Motion Two. Although the first grounds asserted in both motions were different (excusable neglect in not filing an answer versus default was void due to lack of notice), the second grounds in both motions were substantively the same (the complaint failed to state a cause of action for a resulting trust).

Not only did the Estate use the same basic language as the second ground in both motions ("the Plaintiff was not entitled to a resulting trust pursuant to the facts alleged in the Complaint," compared with "because it failed to state a cause of action"), the Estate also cited to the same case (*Zanakis*) and the same quotation within that case. The only potentially significant differences between the second ground in both motions is that the Estate contended that the judgment was "void" and used the phrase "failure to state a cause of action" in Motion Two, but did not use that term or phrase in Motion One. Although the Estate went a step further in Motion Two to assert the outcome of its contention (a "void" judgment), the basis of the ground was the same as in Motion One (failure to state a cause of action).

This court has long held that a trial court is without legal authority to entertain a second motion for relief from judgment which attempts to relitigate a matter settled by a prior order denying relief. *Flagstar Bank, F.S.B. v. Cleveland*, 87 So. 3d 63, 65 (Fla. 4th DCA 2012) (citing *Steeprow Enters., Inc. v. Lennar Homes, Inc.*, 590 So. 2d 21, 23 (Fla. 4th DCA 1991)) ("This court has long held, however, that '[a] trial court is without jurisdiction to entertain a second motion for relief from judgment which attempts to relitigate matters settled by a prior order denying relief.'").[3]

---

[3] Although our prior decisions have asserted the circuit court is "*without jurisdiction* to entertain a second motion for relief from judgment which attempts to relitigate matters settled by a prior order denying relief," use of the term "jurisdiction" has been in the context of what this District has referred to a "case jurisdiction," or what other courts have referred to as "continuing jurisdiction" or "procedural jurisdiction." That is, the *authority* of the court to act in a particular case. *See T.D. v. K.D.*, 747 So. 2d 456, 457 n.2 (Fla. 4th DCA 1999); *14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd.*, 92 So. 3d 320 (Fla. 3d DCA 2012) (Ray, J., concurring) (discussing the various terms used to describe "jurisdiction" as the authority of the court to act). It is more precise to speak of the legal *authority* of the trial court to act, since rule 1.540 clearly states "the

Because the trial court denied Motion One, which sought relief from judgment on the ground that the complaint failed to state a cause of action, the trial court was without authority to entertain the same ground in Motion Two.[4]

We are satisfied that the trial court granted Motion Two because it believed the final judgment was void, thus constituting an exception to the general principle stated in *Flagstar Bank.* *See State Dep't of Transp. v. Bailey*, 603 So. 2d 1384, 1387 (Fla. 1st DCA 1992) (affirming trial court granting second rule 1.540(b) motion as to a portion of the final judgment entered where the trial court did not have subject matter jurisdiction, finding that portion of the judgment was void). Unfortunately, the trial court did not have the benefit of our recent decision in *Condominium Ass'n*

---

procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed by these rules or by an independent action." Although the rule does not explicitly address successive motions, it is axiomatic that successive motions alleging the same grounds cannot be allowed under rule 1.540 if there is going to be finality to litigation.

The desired goal of obtaining finality in the litigation process is perhaps the reason courts have imprecisely applied the concept of *res judicata* in interpreting the application of rule 1.540. For example, the quote from *Flagstar Bank* traces back to *Atlas v. City of Pembroke Pines*, 441 So. 2d 652, 652 (Fla. 4th DCA 1983), and one citation of authority in *Atlas* for the quoted language is *Perkins v. Salem*, 249 So. 2d 466, 467 (Fla. 1st DCA 1971), where the court wrote "[t]he [trial] court's denial of the initial motion for relief [from judgment] was therefore res judicata as to all grounds assigned as a basis for relief in the second and successive motion." *See also Gen. Computer Servs., Inc.*, 130 So. 3d 722 (Fla. 3d DCA 2001) (explaining that *res judicata* bars successive motions for relief from judgment where grounds for relief were similarly asserted in the first motion).

*Res judicata* applies where there is a subsequent action. *See Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001). It does not apply within the same action. Therefore, appellate decisions should more precisely state that the principles of *res judicata* are being applied by analogy to the interpretative analysis of rule 1.540 because the goals and rationale of *res judicata* and rule 1.540 are the same: finality of litigation.

[4] Although the trial court did not specifically make reference to the ground asserting the failure to state a cause of action in the order denying Motion One, the trial court stated in the order, "Rule 1.540 was intended to provide relief from judgments under a limited set of circumstances; it was not intended as a substitute for appellate review of alleged judicial errors," which we construe as a ruling on the ground asserting the failure to state a cause of action. Moreover, the trial court ended its order by noting that the Estate raised a ground at the hearing that was not asserted in the motion and the oral ground was without merit. Thus, we are satisfied, even without a transcript of the first hearing, that the trial court ruled on all grounds raised in Motion One.

*of La Mer Estates, Inc. v. Bank of New York Mellon Corp.*, 137 So. 2d 396, 398 (Fla. 4th DCA 2014), because *La Mer Estates,* was decided after the trial court issued its order on Motion Two. In *La Mer Estates,* we held that a default judgment based on a complaint that failed to state a cause of action is voidable, not void. *Id.* at 398.

We are mindful that the judgment entered below was based on the entry of a default after there was a failure to plead. Florida law "favors liberality in the area of setting aside defaults in order that parties may have their controversies decided on the merits." *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1104 (Fla. 4th DCA 1985). However, we do not find the default judgment in this case is the result of an unjust application of the legal principle limiting the authority of the trial court to grant relief from judgment in a second rule 1.540(b) motion as stated in *Flagstar Bank.*

### *Disposition*

We affirm the trial court's order on the first issue argued on appeal, but reverse the trial court's order on the second issue and remand for the trial court to enter an order denying Motion Two.

*Affirmed in part, reversed in part and remanded.*

WARNER and LEVINE, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

5