# Third District Court of Appeal

## State of Florida

Opinion filed April 11, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1051
Lower Tribunal No. 09-60866
_____

## JPMorgan Chase Bank, National Association, etc.,
Appellant,

vs.

## Juan Jose Villacorta,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel, and William D. Mueller, for appellant.

Mark Perlman, P.A., and Mark Perlman (Hallandale Beach), for appellee.

Before LOGUE, SCALES, and LINDSEY, JJ.

LOGUE, J.

JPMorgan Chase Bank appeals the trial court's nonfinal order granting Juan Jose Villacorta's rule 1.540 motion to vacate a final judgment of foreclosure. We reverse and remand for the trial court to reinstate the final judgment of foreclosure because Villacorta's 1.540 motion was duplicative of a prior motion that was previously ruled upon, appealed, and affirmed by this court.

The Bank filed a mortgage foreclosure complaint against Villacorta in August 2009. Service of the initial summons was unsuccessful and the Bank's process server could not find any records of Villacorta in the state. The Bank then served Villacorta through publication. In September 2012, the case proceeded to a nonjury trial. Final judgment of mortgage foreclosure was entered for the Bank and the property was sold at a foreclosure sale on November 1, 2012.

Villacorta filed an objection to sale and motion to vacate the final judgment on November 9, 2012. The motion argued in relevant part that the Bank's attempts to serve Villacorta were legally insufficient. The motion to vacate was denied, Villacorta appealed, and this court affirmed. Villacorta v. JPMorgan Chase Bank, N.A., 145 So. 3d 850 (Fla. 3d DCA 2014) (table decision).

In April 2017, the trial court heard Villacorta's second motion to vacate. That motion argued in relevant part that "service of process upon Defendant Villacorta was legally insufficient." The trial court granted the motion, concluding

that the Bank "failed to conduct a diligent search and inquiry in connection with service by publication." The Bank appealed.

"[A] trial court is without legal authority to entertain a second motion for relief from judgment which attempts to relitigate a matter settled by a prior order denying relief." Adams v. Estate of Henderson, 155 So. 3d 485, 488 (Fla. 4th DCA 2015); see also Crocker Invs., Inc. v. Statesman Life Ins. Co., 515 So. 2d 1305, 1306 (Fla. 3d DCA 1987) ("Ordinarily, a trial court is without jurisdiction to entertain a second motion for relief from judgment under Florida Rule of Civil Procedure 1.540, which attempts to relitigate matters settled by a prior order denying relief."). "[I]t is axiomatic that successive motions alleging the same grounds cannot be allowed under rule 1.540 if there is going to be finality to litigation." Adams, 155 So. 3d at 488 n.3.

Here, Villacorta twice argued the same substantive grounds to vacate the final judgment of foreclosure. Because the trial court denied the first motion alleging insufficient service of process and this court affirmed, the trial court had no legal authority to then grant the second duplicative motion. Accordingly, we reverse.