# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LISA R. SINGER,**
Appellant,

v.

**MICHAEL J. SINGER** and **DAVID SINGER,**
Appellees.

No. 4D19-901

[December 9. 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea R. Gundersen, Judge; L.T. Case No. FMCE13-007785 (41)(93).

Michael D. Cirullo, Jr. of Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for appellant.

John T. Mulhall III of Mulhall Family Matters, P.A., Boca Raton, for appellee David I. Singer.

PER CURIAM.

The former wife timely appeals a final order denying her motion to enforce the terms of a post-marital agreement with the former husband, Michael Singer, and his brother, David Singer. We reverse.

The former wife raises three issues on appeal. First, she argues the court erred in determining it lacked personal jurisdiction over David Singer. Second, she argues the court erred when it concluded it lacked subject matter jurisdiction to enforce the post-marital agreement. Third, she argues the court erred on the merits.

With respect to the former wife's first argument, we agree with her that the court erred in concluding it lacked personal jurisdiction over David Singer. David Singer submitted to the court's jurisdiction in the post-dissolution proceeding by executing the post-marital agreement to be

ratified and approved by the court.[1] *See Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) ("[A] defendant waives a challenge to personal jurisdiction by seeking affirmative relief—such requests are logically inconsistent with an initial defense of lack of jurisdiction."); *Cumberland Software, Inc. v. Great Am. Mortg. Corp.*, 507 So. 2d 794, 795 (Fla. 4th DCA 1987) ("If a party takes some step in the proceedings which amounts to a submission to the court's jurisdiction, then it is deemed that the party waived his right to challenge the court's jurisdiction regardless of the party's intent not to concede jurisdiction." (citing *Sternberg v. Sternberg*, 190 So. 486 (Fla. 1939))).

We also generally agree with the former wife's second contention that the court erroneously determined it lacked subject matter jurisdiction. The circuit court had subject matter jurisdiction over the post-dissolution proceedings, as subject matter jurisdiction simply means the authority "to adjudicate the class of cases to which the particular case belongs." *Lovett v. Lovett*, 112 So. 768, 775 (Fla. 1927). Here, even if the former wife's claim is characterized as an action to enforce a post-dissolution order or an action for breach of contract, the court could adjudicate the former wife's claim for breach of the post-marital agreement. As with personal jurisdiction, the issue was whether David Singer was properly made a party to the case.

Having concluded the court had subject matter jurisdiction[2] and personal jurisdiction, we briefly turn to the merits. The circuit court concluded the relief sought in the former wife's motion to enforce conflicted

---

[1] The appropriate ruling would have been to deny the former wife's motion to enforce because David Singer was not yet a party, rather than denying the motion to enforce on the basis that the trial court lacked personal jurisdiction over him. *See* Fla. Fam. L. R. P. 12.210(a) ("All persons having an interest in any subject of the action may be joined. Any person may at any time be made a party if that person's presence is necessary or proper for a complete determination of the cause."); Fla. Fam. L. R. P. 12.250(c) ("Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just.").

[2] In this case, the subject matter jurisdiction challenge was likely a challenge to case jurisdiction, or the authority to act in a case. *See Adams v. Estate of Henderson*, 155 So. 3d 485, 488 n.3 (Fla. 4th DCA 2015). Regardless, when the circuit court found it lacked subject matter jurisdiction, judicial labor should have concluded. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998) (stating that a challenge to subject matter jurisdiction "would normally be considered a threshold question that must be resolved in respondent's favor before proceeding to the merits").

with the remedy provided for in the post-marital agreement. Because of the various provisions in the agreement addressing remedies, we hold that it was premature to reach that conclusion on a motion to dismiss and remand for further proceedings.

*Reversed and remanded.*

WARNER, FORST and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3