# Third District Court of Appeal
## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0046
Lower Tribunal No. 05-18963
_____

**Carlos E. Clark,**
Appellant,

vs.

**Jacqueline Clark, et al.,**
Appellees.

An Appeal from a nonfinal order from the Circuit Court for Miami-Dade County, Marlene Fernandez-Karavetsos, Judge.

Law Office of Michael Garcia Petit, P.A., and Michael Garcia Petit (Miramar), for appellant.

Estefano Law, P.A., and Delaila J. Estefano, for appellees.

Before EMAS, FERNANDEZ, and MILLER, JJ.

MILLER, J.

In this intrafamily dispute, the former husband challenges a nonfinal order granting intervention and requiring him to transfer his interest in the former marital residence to his son after the trial court imposed a constructive trust over the property. On appeal, he contends the trial court misconstrued the terms of the negotiated final judgment that served as the basis for the ruling below. We are not so persuaded.

Although the underlying agreement is far from a model of clarity, we conclude the former husband plainly waived any right to equitable distribution by stipulating he would place all funds to which he was otherwise entitled—including fifty percent of the proceeds garnered from the future sale of the marital residence—in trust for the benefit of his then nine-year-old son. See Rose v. Steigleman, 32 So. 3d 644, 645 (Fla. 1st DCA 2010) ("A trial court's interpretation of a contract is a matter of law and is thus subject to *de novo* review."); see also Lab'y Corp. of Am. v. Davis, 339 So. 3d 318, 324 (Fla. 2022) ("Under the whole-text canon, proper interpretation requires consideration of 'the entire text, in view of its structure and of the physical and logical relation of its many parts.'") (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 167 (2012)); F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc., 311 So. 3d 39, 44 (Fla. 4th DCA 2021) ("A contract should be read as a whole."); EcoVirux,

2

LLC v. BioPledge, LLC, 357 So. 3d 182, 186 (Fla. 3d DCA 2022) ("[W]ords and phrases in a contract cannot be considered in isolation."). Upon reaching the age of majority, the son was to receive the funds outright, as the trust was designed to automatically terminate.

Because there is no legal prohibition on this type of arrangement and the former husband failed to fulfill his obligation to establish and fund the trust, imposing a constructive trust over fifty percent of the marital residence for the son's benefit was proper under guiding authority. See Zanakis v. Zanakis, 629 So. 2d 181, 183 (Fla. 4th DCA 1993) ("[Appellant] relied on her son . . . to hold title to this property for the benefit of [his brother] after [appellant]'s death. [The son], while acknowledging that it was never intended he should own the property, abused the confidence placed in him by [appellant] by conveying it to his live-in girlfriend, [the brother]'s widow, whom he then married, thereby unjustly enriching himself. Although the trial court may have mislabeled the trust as a resulting trust instead of a constructive trust, he correctly imposed a trust."); Saporta v. Saporta, 766 So. 2d 379, 381 (Fla. 3d DCA 2000) (reversing trial court for not imposing constructive trust based on husband's implied promise property would be family home); Brown v. Poole, 261 So. 3d 708, 710 (Fla. 5th DCA 2018) (finding trial court properly imposed constructive trust on life insurance

3

proceeds where former husband agreed to designate former wife as beneficiary in alimony obligations); Browning v. Browning, 784 So. 2d 1145, 1147-48 (Fla. 2d DCA 2001) (imposing constructive trust where former husband failed to provide life insurance for son's benefit as required by final judgment); Holmes ex rel. Holmes v. Holmes, 463 So. 2d 578, 580 (Fla. 1st DCA 1985) (finding father's failure to provide life insurance for his minor child's benefit, as required by final judgment and stipulated agreement, was abuse of confidence or mistake necessitating constructive trust). Accordingly, we impute no error to the nonfinal order under review, and we affirm in all respects.

Affirmed.