[Cite as *Olentangy Preparatory Academy v. Howland Twp. Local School Dist.*, 2024-Ohio-783.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| OLENTANGY PREPARATORY ACADEMY, | CASE NO. 2023-T-0075 |
| Plaintiff-Appellant, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| HOWLAND TWP LOCAL SCHOOL DISTRICT, et al., | Trial Court No. 2022 CV 01180 |
| Defendants-Appellees. | |

## O P I N I O N

Decided: March 4, 2024
Judgment: Affirmed

*Matthew W. Onest*, Krugliak, Wilkins, Griffiths & Dougherty Co., LPA, 6715 Tippecanoe Road, 2C, Canfield, OH 44406; and *Kyle W. Rea*, Krugliak, Wilkins, Griffiths & Dougherty Co., LPA, 4775 Munson Street, N.W., P.O. Box 36963, Canton, OH 44735 (For Plaintiff-Appellant).

*Christian M. Williams* and *Brian J. DeSantis*, Pepple & Waggoner, Ltd., Crown Centre Building, 5005 Rockside Road, Suite 260, Independence, OH 44131 (For Defendants-Appellees).

MARY JANE TRAPP, J.

{¶1} Plaintiff-appellant, Olentangy Preparatory Academy ("OPA"), appeals from the judgment of the Trumbull County Court of Common Pleas granting summary judgment to defendants-appellees, Howland Twp Local School District and Howland Local School District Board of Education (collectively, "Howland"), on OPA's claims for declaratory judgment and injunctive relief.

{¶2} The case involves whether Howland was required to offer to sell an unused school facility to OPA pursuant to R.C. 3313.411(B)(1), which requires a board of education to offer to lease or sell any unused school facilities to the governing boards of community schools that are located within the territory of the school district. The trial court determined OPA is not a community school established under R.C. Chapter 3314 and is not located within the Howland Local School District.

{¶3} OPA raises a single assignment of error, contending the trial court erred by granting summary judgment to Howland.

{¶4} After a careful review of the record and pertinent law, we find the trial court properly granted summary judgment to Howland. Even assuming OPA is a community school established under R.C. Chapter 3314, the record on summary judgment indicates it is not located within the territory of the Howland Local School District. Thus, OPA's sole assignment of error is without merit, and we affirm the judgment of the Trumbull County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} On March 9, 2022, OPA incorporated as an Ohio nonprofit corporation with its principal office located in Columbus, Franklin County, Ohio. On March 14, 2022, OPA's governing authority adopted a resolution authorizing OPA to negotiate and enter into a charter contract with St. Aloysius to establish a community school.

{¶6} On May 7, 2022, OPA and St. Aloysius entered into the charter contract. The contract lists OPA's "corporate principal place of business" as "1550 Old Henderson Rd. Suite W110, Columbus, OH 43220," and states, "the **School** is located in the Columbus City School District (school district)." (Emphasis sic.) Section 5.1, entitled

2

"Location of Facility," states, "The facility to be used for the **School** will be maintained at

_____." (Emphasis and highlighting sic.) Section 11.17, entitled "Changes or Modifications," provides, "This Charter constitutes the entire agreement among the parties and any changes or modifications of this Charter shall be made and agreed to in writing, authorized and executed by both parties."

{¶7} In a letter dated May 26, 2022, St. Aloysius stated that it approved OPA's "application" to change its location to the Howland Local School District. On June 22, 2022, OPA's governing board adopted a resolution ratifying the charter contract without amendments.

{¶8} On the same date, OPA's governing board adopted a resolution requesting that St. Aloysius suspend the school's operations for up to one academic year because it had been unable to find a suitable facility within the Howland Local School District. Thereafter, St. Aloysius issued a notice of suspension pursuant to R.C. 3314.072.

{¶9} On August 15, 2022, OPA leased 1,200 square feet of office space at 8098 East Market Street, #3, Warren, Ohio 44483.

{¶10} On August 24, 2022, OPA filed a complaint for declaratory and injunctive relief against appellee Howland Twp Local School District. On the same date, OPA filed an amended complaint against both appellees. OPA alleged it is an Ohio community school established under R.C. Chapter 3314; it is located at 8098 East Market Street, Warren, Ohio 44483, which is within the territory of the Howland Local School District; Howland owns an "unused school facility" located at 863 North Road, SE, Warren, Ohio 44484; Howland is required to offer to sell the facility to OPA pursuant to R.C. 3313.411(B)(1); and Howland refused to do so despite repeated requests. OPA sought

3

a declaratory judgment that Howland is required to offer to sell the facility to it pursuant to R.C. 3313.411 and an injunction prohibiting Howland from selling the facility without complying with the statute.

**{¶11}** Howland filed an answer denying OPA's allegations. Following discovery, Howland filed a motion for summary judgment. OPA filed a brief in opposition, and Howland filed a reply brief. On August 24, 2023, the trial court filed a judgment granting summary judgment to Howland. It found that OPA failed to comply with the statutory requirements in R.C. Chapter 3314 to establish itself as a community school, and that even if it had, it is not located within the territory of the Howland Local School District.

**{¶12}** OPA appealed and raises the following assignment of error:

**{¶13}** "The trial court erred in granting summary judgment to the Appellees, the Howland Twp. Local School Dist. and the Howland Local School Dist. Bd. of Educ., on Appellant, Olentangy Preparatory Academy's claims for declaratory judgment and injunctive relief."

## Standard of Review

**{¶14}** We review summary judgment de novo, i.e., independently and without deference to the trial court's findings. *Smathers v. Glass*, 172 Ohio St.3d 84, 2022-Ohio-4595, 222 N.E.3d 554, ¶ 30. Summary judgment is appropriate only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); Civ.R. 56(C).

4

**{¶15}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). "[I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." *Id.* at 293. "[I]f the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

### Legal Requirements

**{¶16}** This case involves the application of R.C. 3313.411(B)(1), which provides:

**{¶17}** "Except as provided in section 3313.412 of the Revised Code, on and after June 30, 2011, *any school district board of education shall offer any unused school facilities it owns in its corporate capacity for lease or sale to the governing authorities of community schools*, the boards of trustees of any college-preparatory boarding schools, and the governing bodies of any STEM schools, *that are located within the territory of the district.* Not later than sixty days after the district board makes the offer, interested governing authorities, boards of trustees, and governing bodies shall notify the district treasurer in writing of the intention to lease or purchase the property.

**{¶18}** "The district board shall give priority to the governing authorities of high-performing community schools that are located within the territory of the district." (Emphasis added.)

5

{¶19} "'Community school' means a community school established under Chapter 3314. of the Revised Code." R.C. 3313.411(A)(2).

{¶20} Ohio adopted charter-school legislation when the Ohio General Assembly enacted R.C. Chapter 3314 in 1997. *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 5. As legislatively created, community schools are independently governed public schools that are funded from state revenues. *Id.* Once created, a community school may sue and be sued, acquire facilities, contract for services, and enter into contracts with its sponsor under R.C. Chapter 3314. R.C. 3314.01(B).

{¶21} Each community school is governed by a contract between the governing authority of the school and its sponsor. *Ohio Congress* at ¶ 9; *see* R.C. 3314.03. Sponsors are responsible for monitoring their performance and compliance with applicable standards and requirements. *Ohio Congress* at ¶ 7. In turn, sponsors are monitored and overseen by the Ohio Department of Education and Workforce. *Id.* "A copy of every contract entered into under [R.C. 3314.03] shall be filed with the director of education and workforce,[1] who shall make available on its web site a copy of every approved, executed contract * * *." R.C. 3314.03; *see also* Ohio Adm.Code 3301-102-05(B) ("A sponsor shall submit a copy of each * * * executed community school contract, and any amendments thereto, * * * within ten business days of execution.")[2]

{¶22} "Each contract entered into between a sponsor and the governing authority of a community school shall specify" 33 particular items. R.C. 3314.03(A); *see* R.C.

---

1. Prior to October 3, 2023, the "superintendent of public instruction."
2. Such documents are currently available at https://education.ohio.gov/Topics/Community-Schools/Community-Schools-Documents (accessed February 21, 2024).

6

3314.03(A)(1)-(33). R.C. 3314.03(A)(9) provides that the contract shall contain "[a]n addendum * * * outlining the facilities to be used," including "[a] detailed description of each facility used for instructional purposes"; "[t]he annual costs associated with leasing each facility that are paid by or on behalf of the school"; "[t]he annual mortgage principal and interest payments that are paid by the school"; and "[t]he name of the lender or landlord, identified as such, and the lender's or landlord's relationship to the operator, if any." Similarly, R.C. 3314.05(A) provides that "[t]he contract between the community school and the sponsor shall specify the facilities to be used for the community school and the method of acquisition." Absent specific exceptions, "no community school shall be established in more than one school district under the same contract." *Id.*

**Analysis**

{¶23} As stated, the trial court determined OPA is not a community school established under R.C. Chapter 3314, and even if it were, it is not located within the territory of the Howland Local School District.

{¶24} OPA contends that the trial court incorrectly assumed that its charter contract must strictly comply with R.C. 3314.03(A). According to OPA, substantial compliance is sufficient. OPA makes this argument for the first time on appeal. Where a party asserts an argument for the first time on appeal, it is waived. *State ex rel. Masiella v. Brimfield Twp. Bd. of Trustees*, 2017-Ohio-2934, 91 N.E.3d 1, ¶ 43 (11th Dist.).

{¶25} In any event, we find the trial court's second determination to be dispositive of this appeal. Even assuming OPA is a community school established under R.C. Chapter 3314, the record on summary judgment indicates it is not located within the territory of the Howland Local School District.

7

Case No. 2023-T-0075

{¶26} OPA concedes it has not opened a school at any location, much less in the Howland Local School District. In addition, OPA's charter contract expressly states that "the **School** is located in the Columbus City School District (school district)." (Emphasis sic.) Section 5.1, entitled "Location of Facility," states, "The facility to be used for the **School** will be maintained at _____." (Emphasis and highlighting sic.). The contract also lists OPA's "corporate principal place of business" as "1550 Old Henderson Rd., Suite W110, Columbus, OH 43220." Likewise, OPA's articles of incorporation list its principal office location as Columbus, Franklin County, Ohio.

{¶27} OPA contends that St. Aloysius' May 26, 2022, letter constitutes a valid modification to the contract that changes its location from Columbus to Howland. However, section 11.17 of the contract, entitled "Changes or Modifications," provides, "This Charter constitutes the entire agreement among the parties and any changes or modifications of this Charter shall be made and agreed to in writing, authorized and executed by both parties." OPA provided no evidence that its governing authority authorized and executed a writing that modified the contract. In fact, on June 22, 2022, i.e., nearly a month after St. Aloysius' letter, OPA's governing authority approved the charter contract, including the provisions quoted above, without any amendments.

{¶28} OPA counters that it and St. Aloysius waived the contract's formalities for modifications and that Howland lacks standing to challenge the modification's validity. Once again, OPA raises these arguments for the first time on appeal.

{¶29} Even if we reviewed them, however, they would lack merit.

{¶30} "Ohio boards of education are creations of statute, and their authority is derived from and strictly limited to powers that are expressly granted by statute or clearly

8

implied therefrom." *Cincinnati City School Dist. Bd. of Edn. v. Conners*, 132 Ohio St.3d 468, 2012-Ohio-2447, 974 N.E.2d 78, ¶ 9. To comply with its statutory obligations under R.C. 3313.411(B)(1), a school board must necessarily identify all community schools located within the territory of the district. To do so, a school board must be permitted to rely on the documents posted on the Department of Education and Workforce's website. *See* R.C. 3314.03; Ohio Adm.Code 3301-102-05(B).

{¶31} In sum, Howland met its burden on summary judgment to establish that OPA is not located within the territory of the Howland Local School District. OPA did not meet its reciprocal burden to demonstrate a genuine issue of material fact. Consequently, the trial court properly granted summary judgment to Howland.

{¶32} OPA's sole assignment of error is without merit.

{¶33} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

9