249 So.2d 466 (1971)
A.P. PERKINS, Appellant,
v.
Zack A. SALEM, Appellee.
No. O-112.
District Court of Appeal of Florida, First District.
May 18, 1971.
Rehearing Denied July 9, 1971.
Ernest D. Jackson, Sr., Jacksonville, for appellant.
Norton & Wood, Jacksonville, for appellee.
PER CURIAM.
Appellant, who was defendant in the trial court, seeks review of an adverse final judgment rendered against him and two separate post-judgment orders denying him relief against the final judgment of which he complains.
Appellee sued appellant in an assumpsit action on an account stated for merchandise sold to appellant during the years 1968 and 1969. Appellant failed to appear or defend the action, and final judgment was rendered against him in the amount sued for on February 12, 1970. No appeal from the final judgment was taken.
On June 10, 1970, appellant filed in the trial court his motion pursuant to Rule *467 1.540, Rules of Civil Procedure, 31 F.S.A., seeking relief from the final judgment rendered against him, assigning as grounds (1) that the court lacked jurisdiction over the person of defendant; and (2) that he had a good and legal defense to the cause of action sued upon. After taking testimony and hearing argument of counsel, the trial court rendered its order on July 23, 1970, denying appellant's motion. No appeal from this order of denial was taken, and it therefore became final as to all issues raised by the motion and all issues which might properly have been included therein as grounds for the relief prayed.
On August 19, 1970, appellant filed his second and successive motion for relief from the judgment of February 12, 1970. The grounds of this motion are that (1) the court lacked jurisdiction over the person of the defendant; (2) the judgment is void because appellant was not given notice of the final hearing held for the purpose of determining the damages suffered by appellee as alleged in his complaint; (3) no evidence was adduced before the court to prove the debt alleged in the complaint; and (4) appellant has a legal defense to the cause of action sued upon. After final hearing the trial court rendered its order finding that the last motion filed by appellant on August 19, 1970, contained no grounds which had not theretofore been alleged, or could have been alleged, as grounds for the relief prayed for in the first motion of June 10, 1970, all of which grounds had theretofore been disposed of by the court in denying the earlier motion for relief. Based upon those findings the court denied the second motion for relief and refused to vacate and set aside the original judgment of February 12, 1970.
Since no timely appeal was taken by appellant from the final judgment of February 12, 1970, or from the first order denying appellant's motion for relief from judgment rendered on July 23, 1970, this appeal with respect to those judicial acts was dismissed. We now consider only the order of denial rendered by the trial court on September 14, 1970, from which this appeal was timely taken.
Upon a consideration of the grounds for the second and successive motion for relief as set forth therein, it is apparent that each of such grounds is identical with those incorporated in the first motion for relief filed by appellant, or relate to matters of evidence and procedure which with due diligence could have been included in such motion as grounds for the relief prayed. The court's denial of the initial motion for relief was therefore res judicata as to all the grounds assigned as a basis for relief in the second and successive motion.[1] The trial court was eminently correct in denying the relief prayed for, and the order denying such relief is therefore affirmed.
WIGGINTON, Acting C.J., and RAWLS, J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] 19 Fla.Jur. 144, Judgments and Decrees, § 120.

"Matters Not Previously Adjudicated  Identical Cause of Action. As distinct from the operation of the doctrine of estoppel by judgment, the doctrine of res judicata, which precludes a second litigation of the same cause of action, is much broader in its application than a determination of the questions involved in the prior action. That is, in such cases the conclusiveness of the prior adjudication extends not only to matters which were actually determined, but also to all other matters which could properly have been determined in the prior action, whether they were, or were in fact, not considered. * * *"