390 So.2d 481 (1980)
Donald L. MALICOAT and Bettye J. Malicoat, His Wife, Appellants,
v.
Andre LaCHAPPELLE and Francine LaChappelle, His Wife, Appellees.
No. 79-1944.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
*482 James L. Kershaw, Fort Lauderdale, for appellants.
Philip J. Gouze, Fort Lauderdale, for appellees.
DOWNEY, Judge.
Appellants sued appellees and others to recover a deposit made pursuant to a contract to purchase a parcel of realty. A default was entered against appellees, and in due course final judgment for appellants was entered. Approximately sixty days later appellees filed a motion to set aside the default judgment. A hearing was held on said motion and an order was entered on February 19, 1979, denying the motion "because of insufficient evidence."
On March 20, 1979, appellees filed a motion to correct the order of February 19, 1979, on the grounds that the motion to set aside the default was not denied for insufficient evidence but rather because 1) the motion sought to set aside the default without also seeking to vacate the final judgment and 2) appellants' counsel objected to counsel for appellees testifying because he was an attorney of record. The motion also contended that the matter had simply been continued over until appellees could get new counsel and amend its motion. This motion to correct was never ruled on, as far as the record reflects. Instead, on April 19, 1979, appellees filed a new motion to set aside the default and final judgment on virtually the same grounds as the original motion. Appellants contended the subject matter of said motion was vulnerable to the defenses of res judicata and estoppel by judgment. However, the trial court held a hearing on this motion and entered an order granting the motion to set aside the default and final judgment. That order is the subject of this appeal. See Florida Rules of Appellate Procedure 9.130(a)(5).
Appellants seek reversal on three grounds, the first of which is that the entry of the February 19, 1979, order barred the trial judge from proceeding with the April 19, 1979, motion.
Appellees contend that the transcript of the hearing on the first motion to set aside the default judgment clearly demonstrates that the trial judge intended to allow appellees to amend their motion to set aside the default and vacate the final judgment; we agree that the trial judge did indicate that at the hearing. However, he subsequently entered the order of February 19, 1979, which, by denying the motion because of insufficient evidence, ruled on the merits of the first motion to vacate the default judgment and was therefore a final order. Odum v. Morningstar, 158 So.2d 776 (Fla. 2d DCA 1963). No appeal was taken therefrom, and thus the question that order disposed of became settled. Appellees' motion to correct the order of February 19, 1979, was untimely (Florida Rules of Civil Procedure 1.530(g)) and was never heard, so that motion is of no avail to appellees. In our judgment the issues raised in the motion of April 19, 1979, were settled by the February 19, 1979, order and could not be relitigated. Cf. Webber v. Brickley, 239 So.2d 633 (Fla. 3rd DCA 1970).
Therefore, we reluctantly conclude that the trial judge was without jurisdiction to entertain the second motion to vacate on the grounds alleged therein or to enter the order of August 3, 1979. Said order is accordingly reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED, with directions.
*483 BERANEK, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting:
I respectfully dissent as I am of the opinion that the remarks of the trial court at the hearing on February 8, 1979, led counsel for appellees to believe that the trial court would consider another motion. At one point in the hearing the trial court said, "I think you need to resubmit the motion to vacate judgment. I am going to deny this motion." While the trial court's order of February 19, 1979, said that it is "adjudged that the said defendants' Motion is denied because of insufficient evidence," the trial court's remarks at the hearing of February 8, 1979, were contradictory to the order:
MR. MAVRICK: I want to point out that the Court denied their motion because of insufficient evidence.
THE COURT: No. I denied their motion because I think that the first step is to set aside-vacate the judgment. If they can demonstrate that it should be done, then the next step is to set aside the default.
Because of the foregoing circumstances it can be understood why appellees did not appeal from the order of February 19, 1979, and proceeded to file thereafter a motion to set aside final judgment and default.