441 So.2d 652 (1983)
Bonnie ATLAS, Appellant,
v.
CITY OF PEMBROKE PINES, Appellee.
No. 82-1434.
District Court of Appeal of Florida, Fourth District.
September 28, 1983.
Rehearing Denied December 28, 1983.
Phillip Michael Cullen, III, Fort Lauderdale, for appellant.
Steven L. Josias of Josias and Goren, Fort Lauderdale, for appellee.
PER CURIAM.
A default and final judgment were entered against the City of Pembroke Pines. Thereafter, the city filed a motion for relief from judgment, pursuant to Rule 1.540(b), Fla.R.Civ.P., which alleged that the judgment was void due to defective service of process. The motion was denied. Rather than appeal, the city filed a second, more elaborate motion for relief from judgment which reasserted the same grounds set forth in the first motion. The second motion was granted and this appeal ensued. We reverse.
A trial court is without jurisdiction to entertain a second motion for relief from judgment which attempts to relitigate matters settled by a prior order denying relief. Malicoat v. LaChappelle, 390 So.2d 481 (Fla. 4th DCA 1980); Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971). The city attempts to distinguish this case from Malicoat and Perkins by contending that its second motion  though not styled as such  was actually a motion for rehearing. Thus, it claims not to have taken the impermissible "second bite." We do not agree. First, the motion's substance and form do not comport with a motion for rehearing. But more importantly, an order denying a motion for relief from judgment, pursuant to Rule 1.540(b), Fla.R.Civ.P., is not subject to a motion for rehearing. Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982).
Accordingly, the order granting relief from judgment is
REVERSED.
DOWNEY, GLICKSTEIN and HURLEY, JJ., concur.