466 So.2d 397 (1985)
Gwendolyn STREATER, Appellant,
v.
Roger STAMPER, Appellee.
No. AX-216.
District Court of Appeal of Florida, First District.
March 28, 1985.
Rehearing Denied April 26, 1985.
*398 Joseph R. Boyd, and Susan S. Thompson of Boyd, Thompson & Williams; Chriss Walker, Dept. of Health & Rehabilitative Services, Tallahassee, for appellant.
Luke G. Galant of Dawson, Galant, Sulik, Ellis & Wiesenfeld, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order which granted appellee's Fla.R.Civ.P. 1.540(b) motion and vacated a prior adjudication of paternity. We find that the court erred in granting the motion and vacating the prior judgment, and we therefore reverse the order appealed.
By a final judgment of paternity rendered in July 1982, it was determined that appellee is the biological father of appellant's minor child. Although appellee maintained that he had not had sexual intercourse with the child's mother, appellant testified to the contrary and an HLA blood test indicated a 96.7% probability that appellee is the child's biological father. In November 1982 appellee filed a Fla.R. Civ.P. 1.540(b) motion for relief from judgment, asserting that the paternity adjudication had been obtained by fraud, mispresentation, and perjury. Appellee further asserted that a polygraph test would corroborate his denial of sexual intercourse. After hearing argument on the motion the court found that the evidence was insufficient to warrant the requested relief "at this time," and appellee's motion was denied. A motion for rehearing was denied.
Appellee filed another Rule 1.540(b) motion in August 1983, reiterating the allegations of the earlier motion and further requesting that the court require a new HLA test. Appellant moved to dismiss the motion as untimely and repetitious, but the court indicated a concern that one of the parties may have committed perjury and granted the motion, ordering that the paternity adjudication be "set aside and this matter re-opened for the purpose of running an additional blood test."
Rule 1.540(b) expressly provides that a motion for relief from judgment upon an assertion of fraud, misrepresentation, or other misconduct of an adverse party, must be made "not more than one year after the judgment, decree, order or proceeding was entered or taken." While the rule further recognizes that the court may nevertheless entertain an independent action for relief, such action may not be predicated upon an assertion of intrinsic fraud (such as perjury); rather, the fraud asserted must be extrinsic to the judgment. Westcott v. Westcott, 444 So.2d 495 (Fla. 2d DCA 1984). In the present case appellee's motion was clearly foundationed upon an assertion of intrinsic fraud, and it is thus subject to the one-year limitation period provided by Rule 1.540(b). Cf., Kimbrough v. McCranie, 325 So.2d 70 (Fla. 1st DCA 1976). Although the court suggested that the August 1983 motion might be considered as "a continuation and renewal" of appellee's earlier motion, the court's denial of the earlier motion did not effect a continuance thereof. See generally, Malicoat v. LaChappelle, 390 So.2d 481 (Fla. 4th DCA 1980). Also, to the extent that the 1983 motion merely renews the allegations upon which relief was previously denied, the doctrine of res judicata precludes relitigation of the issue presented. See Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971); cf., Malicoat, supra. The court thus erred in entertaining appellee's untimely motion and granting the relief requested.
The order appealed is reversed.
THOMPSON and WIGGINTON, JJ., concur.