603 So.2d 1384 (1992)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Charles Busby BAILEY, Appellee.
No. 91-988.
District Court of Appeal of Florida, First District.
August 28, 1992.
*1385 Thornton J. Williams, Gen. Counsel, Dept. of Transp., Thomas F. Capshew, Asst. Gen. Counsel, Tallahassee, for appellant.
Gordon D. Cherr, McConnaughhay, Roland, Maida, Cherr, and McCranie, P.A., Tallahassee, for appellee.
ON MOTION FOR REHEARING, MOTION FOR REHEARING EN BANC, AND MOTION FOR CERTIFICATION OF QUESTIONS
MINER, Judge.
Appellee's motions for rehearing and motion for certification are hereby denied. However, we now withdraw our previous opinion and substitute the following therefor.
This case is before us on appeal from the trial court's denial of appellant's second, successive motion to set aside judgment pursuant to Florida Rule of Civil Procedure 1.540(b). We reverse.
On February 21, 1985, appellee, Charles Busby Bailey, was driving west on State Road 20 in Liberty County, Florida, pulling a trailer loaded with his logging equipment. As Bailey attempted to cross the Apalachicola Bridge, his load struck the overhead "I" beams resulting in damage to both the bridge and his equipment.
Appellant, Department of Transportation (DOT), filed suit against Bailey for damages to the bridge resulting from Bailey's negligence. Bailey counterclaimed arguing that negligent maintenance of the bridge and load height warning device were the cause of the accident and sought compensation for damages to his logging equipment.
In May, 1990, the trial court granted Bailey's motion for summary judgment. A trial on the issue of damages was conducted on August 9, 1990, and final judgment for appellee, Bailey, in the amount of $30,911.39 was entered on October 29, 1990. The final judgment, from which no direct appeal was taken, also included an award of prejudgment interest at the rate of 12% accruing from 30 days after the date of the accident.
On November 28, 1990, DOT filed a motion for relief from judgment, pursuant to Florida Rule of Civil Procedure 1.540, requesting that the trial court strike the *1386 award of prejudgment interest based on Section 768.28(5), Florida Statutes, which preserves the state's sovereign immunity against awards of prejudgment interest in tort litigation. DOT's motion was denied by order of the trial court issued December 10, 1990. Again, no appeal from that order was taken.
In January, 1991, DOT filed a second motion to set aside the award of prejudgment interest under Rule 1.540(b), based on a more detailed argument that the payment of prejudgment interest by a governmental entity is "subject matter jurisdictional" and can be raised at any time. On February 28, 1991, following a hearing on the merits, the trial court denied DOT's motion to set aside the award of prejudgment interest based on the finality of the prior order of December 10, 1990, denying DOT's first motion to set aside the judgment. Appellant, DOT, now seeks review of the trial court's second order refusing to strike the award of prejudgment interest.
Section 768.28(5), Florida Statutes (1985), waives sovereign immunity for tort claims and states in pertinent part:
The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before the judgment.
Thus, while the state has generally waived sovereign immunity for tort claims, it has expressly maintained its immunity for the payment of prejudgment interest. The present case calls into question the effect of a final judgment against the state which was not initially appealed but was attacked by two successive motions for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540. It is based solely on the specific facts of this case that we reverse.
Rule 1.540(b) provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons:
* * * * * *
(4) the judgment or decree is void[.]
Under Rule 1.540(b), a party is generally precluded from bringing a successive motion which merely alleges matters which were or could have been alleged in the initial motion for postjudgment relief. Streater v. Stamper, 466 So.2d 397 (Fla. 1st DCA 1985); Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971).
Initially, we note that the trial court's award of prejudgment interest was clearly erroneous under Section 768.28(5). While we are at a loss to understand why DOT failed to take a direct appeal of the judgment, DOT was nonetheless entitled to attack the award of prejudgment interest on the ground that such an award was void for lack of subject matter jurisdiction. Fla. R.Civ.P. 1.540(b)(4). Although DOT's first Rule 1.540 motion does not by its terms state this precise argument, the motion does rely on Section 768.28, Florida Statutes, to claim error in the trial court's award of prejudgment interest. Thus, we find that the question of subject matter jurisdiction was at least raised by appellant's first Rule 1.540 motion.
In order to review the propriety of the trial court's denial of DOT's second Rule 1.540(b) motion, we find it necessary to consider the effect of the trial court's denial of DOT's first 1.540 motion. In doing so, we find guidance in federal decisions construing the analogous Federal Rule of Civil Procedure, Rule 60(b). Ordinarily, review of a trial court's denial of a Rule 1.540(b) (or Federal Rule 60(b)) motion is limited to determining whether the denial amounts to an abuse of discretion. V.T.A., Inc. v. Airco, Inc., 597 F.2d 220 (10th Cir.1979); Gibbons v. L.W. Blake Memorial Hospital, 538 So.2d 1386 (Fla. 2d DCA 1989). Where, however, it is asserted that the underlying judgment (or part thereof, as in the instant case) is void, it is necessary to evaluate the underlying judgment in reviewing the order denying the motion. V.T.A., 597 F.2d at 224 n. 8. If it is determined that the judgment entered is void, *1387 the trial court has no discretion, but is obligated to vacate the judgment. Id.; see also Jordon v. Gilligan, 500 F.2d 701, 704 (6th Cir.1974).
In examining the underlying judgment, as we must, we find that that portion of the judgment awarding prejudgment interest is void for lack of subject matter jurisdiction. Where relief is precluded by the defense of sovereign immunity, the court is said to be lacking subject matter jurisdiction to grant the relief sought. See Hutchins v. Mills, 363 So.2d 818, 821 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979). Because an award of prejudgment interest does not fall within the parameters of the waiver of sovereign immunity expressed in Section 768.28, Florida Statutes, the trial court was without jurisdiction to enter such an award. It then follows that the trial court's denial of DOT's first Rule 1.540 motion was patently incorrect.
In the present case, however, the denial of DOT's first postjudgment motion is not res judicata such as the denials which precluded review of the successive postjudgment motions in Streater and Perkins. We are mindful of the principle that a court has jurisdiction to determine its jurisdiction, and that even an erroneous determination on the question of subject matter jurisdiction may become res judicata on that issue if the jurisdictional question was actually litigated and decided, or if a party had an opportunity to contest subject matter jurisdiction and failed to do so. See 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2862, (Supp. 1992). In the first Rule 1.540 motion, as previously noted, appellant did not fail to contest subject matter jurisdiction. In addition, we are unable to conclude that the question of subject matter jurisdiction was "actually litigated and decided" such as to invoke the doctrine of res judicata with respect to that question upon appellant's second Rule 1.540(b) motion. We view as significant the fact that no hearing was held on the question of subject matter jurisdiction and the fact that the trial court's order denying the first Rule 1.540 motion is not sufficiently specific to indicate that the trial court ruled on the merits of the jurisdictional question. Thus, the jurisdictional argument was raised but not actually litigated and decided, and the order denying the motion was insufficient to compel denial of the second postjudgment motion under the doctrine of res judicata as in Streater and Perkins.
Because we consider the trial court's denial of the first postjudgment motion to have no res judicata effect, appellant's second motion was not strictly "repetitive" of a previously adjudicated claim. Rather, appellant's second motion sought a determination of that which was not previously determined  that an award of prejudgment interest against the state is precluded by the doctrine of sovereign immunity. Although repetitive Rule 1.540 motions are distinctly disfavored, the rules of procedure must not be permitted to become so technical that "they obscure the justice of the cause." Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983). The result compelled by the unique facts of this case is that the trial court's denial of appellant's second Rule 1.540(b) motion is reversed, and the case remanded with instructions to strike the award of prejudgment interest against the state.
REVERSED and REMANDED with instructions.
ZEHMER and WEBSTER, JJ., concur.