FARMER, Judge.
In June 1990, the trial court entered a final order approving a stipulated settlement whereby Willie Stone admitted he was the legal and natural father of Jason Stone, born on January 14, 1984, to petitioner Queen Williams [Lockhart] (mother). Five years later, the Department of Revenue (DOR) filed a petition to establish child support. The father responded with a motion for DNA testing, which was denied without prejudice. Later, the father filed a motion to vacate the 1990 final judgment, alleging that he was unrepresented by counsel when HRS urged him to sign the stipulation in order to avoid costs and attorney’s fees. He claimed that he was not advised that he was entitled to paternity testing if he had any doubts as to whether he was the father. He asked the trial court to vacate the judgment of paternity and order DNA testing. After mediation proved unavailable, the trial court entered a default and ordered DNA testing “on all parties within 15 days or a rule to show cause shall be held for petitioner’s failure to appear.” A final order was later entered, formally vacating the 1990 final order of paternity and all subsequent orders because the mother failed to appear for DNA testing, or mediation or any hearings. DOR now appeals. -
In DeVaughn v. Department of Revenue, 691 So.2d 11 (Fla. 4th DCA), rev. denied, 700 So.2d 684 (Fla.1997), this court held that, in the absence of extrinsic fraud, a trial court lacks jurisdiction to-set aside a judgment of paternity entered more than one year previously. In Department of Revenue v. Harris, 684 So.2d 231 (Fla. 2d DCA 1996), the second district held that a trial court erred when it ordered paternity testing fourteen years after a final judgment of paternity. See also Streater v. Stamper, 466 So.2d 397 (Fla. 1st DCA 1985) (motion for relief from paternity judgment alleging adjudication had been obtained by fraud clearly founded on assertion of intrinsic fraud and barred by one year limitation of rule 1.540(b)); Patton v. Dept. of Health & Rehabilitative Services, 597 So.2d 302, 303 (Fla. 2d DCA 1991) (motion to set aside paternity judgment filed fourteen months after entry of final judgment procedurally barred under clear requirements of rule 1.540(b)); Dept. of Health & Rehabilitative Services v. Wright, 498 So.2d 1008, 1009 (Fla. 2d DCA 1986) (final judgment of dissolution filed nine years prior resolved issue of paternity and issue was res judicata even though former wife submitted affidavit acknowledging another as biological father). But see M.A.F. v. G.L.K, 573 So.2d 862, 863 (Fla. 1st DCA 1991) (legitimacy of children born during marriage “is one of the strongest rebuttable presumptions known to the law;” wife’s deliberate concealment of fact that husband not father of children deemed extrinsic fraud on court in dissolution of marriage proceeding).
As it is manifest that the present attempt to set aside the five-year old judgment of paternity is barred by rule 1.540(b), the final order vacating the judgment is in error.
REVERSED.
WARNER and KLEIN, JJ., concur.