On Motion to Dismiss

PER CURIAM.
Appellant Lisa Marie Adams appeals from an order striking her Motion to Set Aside Order of Child Support. We dismiss the appeal as untimely.
Adams was ordered to pay child support by the Final Judgment entered in 1994. Adams filed a Motion to Remove Any Order to Compel Payment of Child Support on November 30, 1998. The trial court’s order of December 28, 1998, which ratified the general master s report enforcing payment of child support served as a denial of that motion. Adams did not appeal that order.
Adams’ argument on appeal is that she was not properly noticed for the September' 10, 1997 hearing at which her former husband first sought enforcement of the Final Judgment and should therefore be excused from paying child support. This issue was already resolved by the December 28, 1998 order. Thus, Adams’ motion was actually a motion for rehearing and her appeal is untimely pursuant to Florida Rule of Appellate Procedure 9.110(b). Her time to appeal this issue expired January 27, 1999. See Bertrand v. Bertrand, 828 So.2d 436 (Fla. 3d DCA 2002), (citing Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971). Since Adam’s Motion to Set Aside Child Support is also duplicative of her motion of November 30, 1998, the trial court properly struck the motion as repetitive. See Veloso v. Trustcorp Capital Leasing, 791 So.2d 1138 (Fla. 3d DCA 2001).