[Cite as *Dailey v. Miller*, 2024-Ohio-1340.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| DANIEL L. DAILEY, | CASE NO. 2023-G-0010 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| TERRY E. MILLER, et al., | |
| Defendants-Appellants. | Trial Court No. 2021 F 000435 |

**O P I N I O N**

Decided: April 9, 2024
Judgment: Affirmed

*Daniel L. Dailey*, pro se, 909 SE 14th Drive, Deerfield Beach, FL 33441 (Plaintiff-Appellee).

*Orville E. Stifel, II*, 5310 Franklin Boulevard, P.O. Box 602780, Cleveland, OH 44102, and *Gerald R. Walton*, 2969 Waterford Drive, Twinsburg, OH 44087 (For Defendants-Appellants).

MARY JANE TRAPP, J.

{¶1} Defendants-appellants, Terry E. Miller ("Mr. Miller") and Dominique Dube ("Ms. Dube") (collectively, "Miller/Dube"), appeal from the order of the Geauga County Court of Common Pleas granting summary judgment to plaintiff-appellee, Daniel L. Dailey ("Mr. Dailey"), and issuing a decree of foreclosure.

{¶2} This matter involves Mr. Dailey's attempt to enforce a Florida default judgment against Miller/Dube through a foreclosure action in Ohio.

{¶3}   Miller/Dube raise four assignments of error, contending (1) the trial court erred in granting summary judgment to Mr. Dailey on his foreclosure claim; (2) the decree of foreclosure is contrary to law because it gives priority to Mr. Dailey's judicial lien over their statutory homestead exemptions; (3) the trial court erred in dismissing their counterclaims; and (4) the trial court erred by denying their motion to vacate Mr. Dailey's Florida default judgment and by extending it full faith and credit.

{¶4}   We review Miller/Dube's assignments of error out of order.  After a careful review of the record and pertinent law, we find as follows:

{¶5}   (1) The trial court properly denied Miller/Dube's motion to vacate and extended full faith and credit to the Florida default judgment.  Miller/Dube are precluded from collaterally attacking the Florida default judgment because they filed a motion to vacate in the Florida court based on lack of jurisdiction and were unsuccessful.

{¶6}   (2) The trial court properly granted judgment to Mr. Dailey on Miller/Dube's counterclaims.  Miller/Dube's counterclaims challenge the validity of the Florida default judgment and/or attempt to undermine it.  Thus, they constitute an impermissible collateral attack on a foreign judgment and are barred.

{¶7}   (3) The trial court properly granted summary judgment to Mr. Dailey on his foreclosure claim.  The homestead exemption is not a statutory defense to foreclosure. The proper time to assert the exemption is when the sheriff is about to execute the writ of execution or order of sale.  This court is not permitted to expand the scope of the governing statute in the name of "equity."

2

{¶8} (4) The decree of foreclosure is not contrary to law. The decree does not state that Mr. Dailey's judgment lien has priority over Miller/Dube's homestead exemptions, only that it is the "first lien."

{¶9} Thus, Miller/Dube's assignments of error are without merit, and we affirm the judgment of the Geauga County Court of Common Pleas.

### Substantive and Procedural History

{¶10} This is the second appeal from the underlying foreclosure action. Mr. Dailey is a resident of Florida, and Mr. Miller and Ms. Dube are residents of Geauga County, Ohio. In 2020, Mr. Dailey filed a "Complaint Seeking Equitable Relief for Declaratory Judgment and Commensurate Damages" against Miller/Dube in Florida state court. Mr. Dailey sought sole ownership of a Briard dog he purchased from them and monetary damages. Mr. Dailey obtained a default judgment against Miller/Dube declaring him the dog's sole owner and awarding him $35,000 plus interest and costs. Mr. Dailey subsequently filed the Florida default judgment as a judgment lien in Geauga County.

{¶11} In 2021, Mr. Dailey filed a foreclosure action in the trial court. Miller/Dube were served with the complaint and summons but did not file a responsive pleading. Mr. Dailey filed a motion for default judgment, which the trial court granted.

{¶12} Miller/Dube appeared through counsel and filed a motion for leave to plead instanter due to excusable neglect. Mr. Dailey filed a motion to strike and brief in opposition, alleging that Miller/Dube's attorney was not currently registered to practice in Ohio. Miller/Dube did not file a response, and the trial court granted Mr. Dailey's motion to strike. The trial court filed a decree of foreclosure, and the clerk of courts issued an order of sale to the Geauga County Sheriff's Office.

3

Case No. 2023-G-0010

{¶13} Miller/Dube appeared through new counsel and filed a motion to vacate the foreclosure judgment and the order of sale on numerous grounds. Within their motion, they argued that the Florida default judgment was void for lack of personal jurisdiction and made disparaging comments about Mr. Dailey. Mr. Dailey filed a motion to strike Miller/Dube's motion or, alternatively, a brief in opposition. The trial court granted Miller/Dube's motion to vacate based on excusable neglect and gave them 10 days to file a responsive pleading.

{¶14} Miller/Dube filed an answer and asserted two counterclaims against Mr. Dailey. In count one, Miller/Dube alleged Mr. Dailey committed federal RICO violations by engaging in mail and wire fraud in obtaining the Florida default judgment. In count two, they sought civil recovery for Mr. Dailey's alleged criminal acts pursuant to R.C. 2307.60.

{¶15} Mr. Dailey appealed the trial court's vacation of his default judgment. The trial court filed an order stating it was deprived of jurisdiction to rule on Mr. Dailey's motion to strike. Miller/Dube cross-appealed.

{¶16} While the appeal and cross-appeal were pending, Miller/Dube, through Florida counsel, filed a motion to vacate the Florida default judgment pursuant to Fla.R.Civ.P. 1.540(b) on the grounds that Mr. Dailey obtained it through fraud, misrepresentation, or other misconduct or that it is void for lack of personal and/or subject matter jurisdiction.

{¶17} The Florida court filed an order denying Miller/Dube's motion to vacate, stating it had "reviewed the Motion, the Response, the Reply, heard argument, and considered the applicable law."

4

{¶18} In 2022, this court issued an opinion and judgment entry affirming the trial court's judgment in part, reversing in part, and remanding for further proceedings. *See Dailey v. Miller*, 11th Dist. Geauga No. 2021-G-0032, 2022-Ohio-2280. In particular, we affirmed the trial court's granting of Miller/Dube's motion to vacate the trial court's default judgment. *Id.* at ¶ 54. In our discussion, we found that Mr. Dailey's argument regarding his motion to strike was unripe for review because the trial court had not yet considered his motion. *Id.* at ¶ 49. We reversed the trial court's implicit denial of Miller/Dube's motion to vacate the Florida default judgment. We remanded for further proceedings and specifically ordered the trial court to address Mr. Dailey's motion to strike and Miller/Dube's motion to vacate the Florida default judgment. *Id.* at ¶ 61.

{¶19} The trial court did not address the pending motions on remand. Instead, Miller/Dube filed an amended answer and counterclaim, in which they asserted three additional counterclaims against Mr. Dailey. In count three, they alleged that Mr. Dailey misappropriated trade secrets regarding the Briard dog's "biogenetic make-up" in violation of R.C. 1333.61 and Ohio common law. In count four, they alleged that Mr. Dailey interfered with their prospective dog breeding business relationships in obtaining the Florida default judgment. In count five, they alleged that Mr. Dailey "perverted" the underlying foreclosure proceeding by attempting to force the judicial sale of their residence and to "extract a monetary settlement" from them "before the void Florida judgment could be directly or collaterally attacked."

{¶20} Mr. Dailey filed a motion to dismiss Miller/Dube's counterclaims pursuant to Civ.R. 12(B)(1) (lack of subject matter jurisdiction), (B)(2) (lack of personal jurisdiction), and (B)(3) (improper venue). He attached exhibits to his motion, including the first page

5

of the motion to vacate that Miller/Dube filed in the Florida court and the Florida court's denial order. Miller/Dube filed a memorandum in opposition. The trial court filed an order in which it converted Mr. Dailey's motion into a motion for judgment on the pleadings pursuant to Civ.R. 12(C), granted judgment to Mr. Dailey, and dismissed Miller/Dube's counterclaims.

{¶21} Miller/Dube filed a motion for summary judgment on Mr. Dailey's foreclosure claim, which Mr. Dailey opposed. The trial court filed a judgment entry denying Miller/Dube's motion.

{¶22} In 2023, Mr. Dailey filed a motion for summary judgment on his foreclosure claim, which Miller/Dube opposed. The trial court filed an order granting Mr. Dailey's motion. Miller/Dube filed the instant appeal.

{¶23} This court remanded for the trial court to issue a final judgment entry and decree of foreclosure.[1] We remanded a second time for the trial court to comply with our remand instructions in the first appeal/cross-appeal. The trial court filed an order denying Mr. Dailey's motion to strike and denying Miller/Dube's motion to vacate the Florida default judgment based on res judicata. The parties filed supplemental appellate briefs, and this case is now ripe for disposition.

{¶24} Miller/Dube raise the following four assignments of error:

{¶25} "[1.] The trial court erred in granting summary judgment to plaintiff on his complaint to foreclose on defendants' residence, where defendants' statutory (R.C.

---

1. This court granted the motion to withdraw filed by Mr. Dailey's appellate counsel, and Mr. Dailey filed a notice stating he was proceeding pro se.

Case No. 2023-G-0010

§2329.66(A)(1)(b)) homestead exemption exceeds the appraised value of the property, meaning that forced sale will not yield a single penny toward plaintiff's judgment lien.

{¶26} "[2.] The trial court committed prejudicial error by approving and adopting, over defendants' strident objection, a judgment entry prepared by plaintiff's counsel that gives priority to plaintiff's judicial lien over defendants' statutory homestead exemption.

{¶27} "[3.] The trial court erred in dismissing defendants' RICO and other counterclaims where those counterclaims would have more than offset plaintiff's judicial lien.

{¶28} "[4.] The trial court committed prejudicial error by extending full faith and credit to the Florida default judgment when the rendering Florida court lacked personal jurisdiction over the defendants and/or jurisdiction over the subject matter."

{¶29} We review Miller/Dube's assignments of error out of order for ease of discussion.

**The Florida Judgment**

{¶30} In their fourth assignment of error, Miller/Dube contend that the trial court erred by denying their motion to vacate the Florida default judgment. According to Miller/Dube, the Florida default judgment was not entitled to full faith and credit; rather, it was void due to the Florida court's lack of personal and subject matter jurisdiction.

{¶31} "[T]he authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). "[A]n appellate court's standard of review on the denial of a motion to vacate [a] void judgment is de novo." *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶ 8. In addition, a trial court's decision

7

whether to give full faith and credit to another state's court judgment is a legal question that an appellate court reviews de novo. *Muter v. Muter*, 9th Dist. Summit No. 24323, 2008-Ohio-6794, ¶ 8.

### *Legal Principles*

{¶32} "The doctrine of full faith and credit requires that the state of Ohio give to those acts, records, and judicial proceedings of another state the same faith and credit as they have by law or usage in the courts of the state from which they are taken." *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 712 N.E.2d 713 (1999), syllabus. *See* United States Constitution, Article IV, Section 1; R.C. 2329.022 (foreign judgments). The Supreme Court of Ohio has held that "[a] judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the sister state's internal law, and under that law the judgment is void; however, such collateral attack is precluded in Ohio, if the defendant submitted to the jurisdiction of the sister state's court by an appearance precluding collateral attack in such state." *Litsinger Sign Co. v. Am. Sign Co.*, 11 Ohio St.2d 1, 227 N.E.2d 609 (1967), paragraph one of the syllabus.

{¶33} "The local law of the state where the judgment was rendered determines whether the parties are precluded from attacking the judgment collaterally on the basis of lack of * * * jurisdiction when the defendant's initial objection that the court has no jurisdiction * * * has been overruled." *Speyer v. Continental Sports Cars, Inc.*, 34 Ohio App.3d 272, 518 N.E.2d 39 (10th Dist.1986), paragraph three of the syllabus. Florida preclusion law provides:

Case No. 2023-G-0010

{¶34} "Where a defendant makes a special appearance to challenge the jurisdiction of a court, and the court overrules the objection and determines, that it does have jurisdiction, that decision is *res judicata* and precludes collateral attack on the judgment, even though the ruling may have been erroneous on the facts or law. * * * An aggrieved defendant must seek reversal in an appellate court of the state involved or, if he is unsuccessful there, in the Supreme Court of the United States. However, he cannot later attack the judgment on jurisdictional grounds if he does not avail himself of those remedies, or if the judgment is affirmed, or if the appellate court or the Supreme Court of the United States declines to consider the case." *Baron v. Baron*, 454 So.2d 86, 87 (Fla.App.1984). *Accord Dusesoi v. Dusesoi*, 498 So.2d 1348, 1349 (Fla.App.1986); *Tipton v. Van Schouwen*, 526 So.2d 138, 139-140 (Fla.App.1988); *Baker v. Bennett*, 633 So.2d 91, 92 (Fla.App.1994); *Rodriguez v. Nasrallah*, 659 So.2d 437, 440 (Fla.App.1995); *Archbold Health Servs., Inc. v. Future Tech Business Sys., Inc.*, 659 So.2d 1204, 1206 (Fla.App.1995); *Stewart v. Dept. of Revenue*, 695 So.2d 831 (Fla.App.1997). *See also Overly v. Overly*, 66 So.2d 706, 707 (Fla.1953).

{¶35} Florida adopted the foregoing principles "to avoid the uncertainties which would occur * * * if a court of one state could relitigate what has been finally decided by a court of another state and potentially arrive at a conflicting result. Otherwise, our country's system of parallel state court structures could not function harmoniously." *Dusesoi* at 1349. In addition, "'[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" *Id.*, quoting

9

Case No. 2023-G-0010

*Baldwin v. Iowa State Traveling Men's Assn.*, 283 U.S. 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

### *Analysis*

{¶36} The record reflects that Miller/Dube hired Florida counsel, appeared in the Florida court, and filed a motion to vacate the Florida default judgment pursuant to Fla.R.Civ.P. 1.540(b)(3) and (4). Those provisions provide, "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, decree, order, or proceeding for the following reasons: * * * (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; [or] (4) that the judgment, decree, or order is void * * *." Miller/Dube asserted that "the judgment was obtained through fraud, misrepresentation or other misconduct of an adverse party," or in the alternative, "it is void for lack of jurisdiction over defendants/ or lack of jurisdiction over the subject matter." The Florida court denied Miller/Dube's motion to vacate, stating it had "reviewed the Motion, the Response, the Reply, heard argument, and considered the applicable law." Thus, the Florida court considered and rejected Miller/Dube's jurisdictional arguments. Miller/Dube's remedy was to appeal the denial order to the appropriate Florida appellate district and, if unsuccessful, to the Supreme Court of the United States. There is no indication that they did so. Therefore, Miller/Dube are precluded from collaterally attacking the Florida default judgment in Ohio.

{¶37} Our conclusion is consistent with decisions from other Ohio courts applying similar preclusion laws. *See, e.g., Frank W. Murphy Mfrs., Inc. v. Hydrocarbon Prod. Equip. Co.*, 5th Dist. Stark No. CA-6850, 1986 WL 6660, *3 (June 9, 1986) (Oklahoma law); *Speyer*, 34 Ohio App.3d at 276, 518 N.E.2d 39 (Texas law); *Winkler v. Stowe*, 4th

10

Dist. Jackson No. 95 CA 763, 1997 WL 30947, *2 (Jan. 21, 1997) (Michigan law); *Emig v. Massau*, 140 Ohio App.3d 119, 124, 746 N.E.2d 707 (10th Dist.2000) (Missouri law). Our conclusion is also consistent with the precedent of the Supreme Court of the United States. *See, e.g.*, *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).

### *Contrary Arguments*

{¶38} Miller/Dube urge a contrary conclusion based on the Sixth Appellate District's decision in *XPX Armor & Equip., Inc. v. SkyLIFE Co., Inc.*, 2021-Ohio-2559, 176 N.E.3d 821 (6th Dist.). In that case, the plaintiff obtained a default judgment in North Carolina and sought to enforce it in Ohio. *Id.* at ¶ 1. The defendant moved to vacate the foreign judgment in the Ohio trial court. *Id.* at ¶ 6. The Ohio trial court found that the North Carolina judgment was not entitled to full faith and credit, in part, because the North Carolina court had not acquired personal jurisdiction over the defendant. *Id.* at ¶ 1. The Sixth District affirmed. *Id.* A critical distinguishing fact in *XPX Armor*, however, is that the defendant did not file a motion to vacate the default judgment in the North Carolina court. Thus, *XPX Armor* is inapposite. *See Digitalbiz Corp. v. Friedman-Swift Assocs., Inc.*, 2013-Ohio-666, 989 N.E.2d 119, ¶ 10 (1st Dist.) (noting this distinction).

{¶39} Miller/Dube also raise several exceptions and qualifications to the doctrine of res judicata under Florida law. However, the cases on which they rely are distinguishable.

{¶40} Miller/Dube first argue that the Florida court's denial order was not a "final judgment on the merits" because it was not issued following discovery and an evidentiary hearing. The cases they cite in support do not support this assertion. In *Dynasty Express Corp. v. Weiss*, 675 So.2d 235 (Fla.App.1996), the issue was whether the appellant's

11

motion to vacate was sufficiently specific to warrant an evidentiary hearing because Florida law requires permissible discovery and a formal evidentiary hearing when the motion raises a "'colorable entitlement'" to relief. *Id.* at 239, quoting *S. Bell Tel. & Tel Co. v. Welden*, 483 So.2d 487, 489 (Fla.App.1986). In *Minda v. Minda*, 190 So.3d 1126 (Fla.App.2016), the issue was whether the movant was permitted to file a successive motion to vacate after his first motion was denied as "facially insufficient." *Id.* at 1127. In *Novastar Mtge., Inc. v. Bucknor*, 69 So.3d 959 (Fla.App.2011), the appellate court reversed the trial court's order *granting* a motion to vacate because it failed to hold an evidentiary hearing to resolve the parties' conflicting affidavits. *See id.* at 960. By contrast, one Florida court has held that "[a]n order *denying* a motion for relief from judgment is final in nature" because "[i]t completes the judicial labor on the issues raised by the motion" and "no further proceedings in the cause are contemplated upon rendition of the order." (Emphasis sic.) *Francisco v. Victoria Marine Shipping, Inc.*, 486 So.2d 1386, 1391 (Fla.App.1986).

{¶41} Miller/Dube next argue that Mr. Dailey did not meet his burden to establish that the Florida court "formerly adjudicated" the jurisdictional issues. The cases they cite in support are distinguishable. In *Nguyen v. Nguyen*, 337 So.3d 896 (Fla.App.2022), the issue was whether a movant was permitted to file a successive motion to vacate based on lack of subject matter jurisdiction. *Id.* at 899. At the hearing on its first motion, the movant began to argue that the court lacked jurisdiction, at which time the appellee interrupted and objected. The court sustained the objection and advised it would not entertain further argument on subject matter jurisdiction. *Id.* at 898. The appellate court found that the movant's jurisdictional argument was not barred by res judicata. Since the

12

trial court sustained the appellee's objection, the movant was not given a full opportunity to litigate the issue. *Id.* at 900.

{¶42} In *State Dept. of Transp. v. Bailey*, 603 So.2d 1384 (Fla.App.1992), the issue was whether the state department of transportation was permitted to file a successive motion to vacate an award of prejudgment interest rendered against it. *Id.* at 1386. The department's first motion was based on sovereign immunity. *Id.* The department's second motion contained "a more detailed argument" based on subject matter jurisdiction. *Id.* The appellate court found that res judicata did not preclude the department's second motion because it could not conclude the jurisdictional question was "actually litigated and decided," noting there was no hearing was held on the issue of subject matter jurisdiction and the trial court's order was not "sufficiently specific" to indicate it ruled on the merits. *Id.* at 1387.

{¶43} In *Hawes v. Reilly*, 184 A.3d 661 (R.I.2018), a Rhode Island case, a company filed suit against Hawes and Daniel in Utah state court. *Id.* at 664. Hawes filed an answer and cross-claim against Daniel. *Id.* Daniel filed a motion to dismiss the company's complaint based on a lack of personal jurisdiction. *Id.* Daniel's Utah counsel subsequently withdrew, and neither Daniel nor counsel representing him was present at the hearing on the motion to dismiss. *Id.* The Utah court denied the motion, stating that the company "made a prima facie showing by pleading sufficient facts to establish that this Court may exercise personal jurisdiction over each of the non-resident Defendants." *Id.* at 664. The Utah court granted a default judgment to Hawes on his cross-claim. *Id.*

{¶44} Hawes sought to enforce the Utah default judgment in Rhode Island. *Id.* Daniel moved to quash in the Rhode Island trial court, contending the Utah court had

lacked personal jurisdiction. *Id.* at 665. The trial court agreed, and the Supreme Court of Rhode Island affirmed, concluding it was "simply impossible" to determine whether "the issue of personal jurisdiction [had] been fully and fairly litigated and then finally decided in Utah" because "[n]either Daniel, nor counsel for Daniel, appeared at the hearing on the motion to dismiss"; "[t]he order contains no discussion, analysis, or legal reasoning"; and a "prima facie showing is not a final decision on the issue of personal jurisdiction." *Id.* at 668.

{¶45} Here, Miller/Dube appeared in the Florida court through counsel and explicitly raised their jurisdictional arguments. Despite its brevity, the Florida court's denial order is not ambiguous. The only reasonable conclusion to be drawn from the court's express statements is that it considered and rejected Miller/Dube's arguments.

{¶46} Miller/Dube next argue that the Florida court's denial order should not be deemed a decision on the merits because it was "'unelaborated,'" i.e., there was no "'citation to authority or other statement that clearly shows that the issue was considered by the court on the merits and relief was denied.'" *Darling v. Ill*, 375 So.3d 291, 295 (Fla.App.2023), quoting *Topps v. State*, 865 So.2d 1253, 1255 (Fla.2004). The foregoing rule expressly applies to "orders denying relief in connection with all *extraordinary writ petitions*." (Emphasis added.) *Topps* at 1258. And, as stated, the Florida court's statements in its denial order indicate it considered and rejected Miller/Dube's arguments.

{¶47} Similarly, Miller/Dube argue that res judicata does not apply to a judgment "'which might have rested on either of two grounds, only one of which goes to the merits.'" *Darling* at 295, quoting *deCancino v. E. Airlines, Inc.*, 283 So.2d 97, 98 (Fla.1973). While Miller/Dube raised their jurisdictional arguments in the alternative to fraud,

14

misrepresentation, and other misconduct, the Florida court necessarily rejected all stated bases by denying the motion in its entirety.

{¶48} Miller/Dube attempt to create ambiguity in the Florida court's denial order by citing Mr. Dailey's opposition to their motion to vacate. According to Miller/Dube, Mr. Dailey argued that their motion should be denied because they failed to establish excusable neglect and due diligence; therefore, the Florida court may have denied their motion on that basis. Miller/Dube did not raise this argument in the trial court. Where a party asserts an argument for the first time on appeal, it is waived. *State ex rel. Masiella v. Brimfield Twp. Bd. of Trustees*, 2017-Ohio-2934, 91 N.E.3d 1, ¶ 43 (11th Dist.). Mr. Dailey's Florida opposition is also not part of the trial court record. "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 16.

{¶49} Finally, Miller/Dube argue that the application of res judicata in this case "defeat[s] the ends of justice" and results in a "manifest injustice." *State v. McBride*, 848 So.2d 287, 291-292 (Fla.2003). We disagree. Miller/Dube sat on their rights by failing to respond to Mr. Dailey's Florida complaint, thus incurring judgment by default. Had they not filed a motion to vacate the default judgment in the Florida court, the trial court could have reviewed the merits of their jurisdictional arguments. *See Wiggins v. Tigrent, Inc.*, 147 So.3d 76, 83 (Fla.App.2014) (a defendant is always free to ignore judicial proceedings, risk a default judgment, and then challenge the judgment on jurisdictional grounds in a collateral proceeding). However, Miller/Dube chose to proceed in Florida and were unsuccessful. They further sat on their rights by failing to appeal the Florida

15

court's denial order. Based on the record before us, the application of res judicata does not create a manifest injustice.

{¶50} Accordingly, the trial court did not err by denying Miller/Dube's motion to vacate the Florida default judgment and by extending full faith and credit to that judgment.

{¶51} Miller/Dube's fourth assignment of error is without merit.

## Counterclaims

{¶52} In their third assignment of error, Miller/Dube contend that the trial court erred by dismissing their counterclaims.

{¶53} The trial court granted judgment to Mr. Dailey on Miller/Dube's counterclaims under Civ.R. 12(C), which states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." We note that Mr. Dailey did not file an answer to Miller/Dube's counterclaims; rather, he filed a motion to dismiss under Civ.R. 12(B). In addition, the trial court's order relied on matters outside the pleadings, namely the first page of the motion to vacate that Miller/Dube filed in the Florida court and the Florida court's denial order. Since Miller/Dube have not assigned these procedural matters as errors on appeal, however, we will not address them further.

{¶54} The trial court effectively converted Mr. Dailey's motion to dismiss into a motion for summary judgment. We review summary judgment de novo. *Smathers v. Glass*, 172 Ohio St.3d 84, 2022-Ohio-4595, 222 N.E.3d 554, ¶ 30. Summary judgment is appropriate only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of

16

the nonmoving party, and that conclusion is adverse to the nonmoving party. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); Civ.R. 56(C).

{¶55} Miller/Dube contend that their counterclaims were not compulsory under Florida law and, thus, are not barred by the doctrine of res judicata. Miller/Dube's arguments involve the preclusive effect of the Florida default judgment. However, the trial court also granted judgment to Mr. Dailey based on the preclusive effect of the Florida court's denial order. We find the latter basis to be dispositive.

{¶56} As explained, the Florida court denied Miller/Dube's motion to vacate; thus, they are precluded from collaterally attacking the Florida default judgment in Ohio. *See Baron*, 454 So.2d at 87. A "collateral attack" is "[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective." *Black's Law Dictionary*, collateral attack (11th Ed.2019). Miller/Dube's counterclaims challenge the validity of the Florida default judgment and/or attempt to undermine it. Thus, Miller/Dube's counterclaims constitute an impermissible collateral attack on a foreign judgment and are barred. *See City Natl. Bank v. Dziak*, 8th Dist. Cuyahoga No. 48226, 1984 WL 6391, *3 (Dec. 27, 1984) (appellant's counterclaim was an improper attempt to collaterally attack a California judgment); *Salyer v. Eplion*, 4th Dist. Lawrence No. 08CA18, 2009-Ohio-1623, ¶ 27 ("Because Appellant's counterclaims for fraud and extortion relate to the validity of the agreed judgment filed in a Kentucky court, they are essentially a collateral attack on a sister state's judgment"). Accordingly, the trial court properly granted judgment to Mr. Dailey on Miller/Dube's counterclaims.

{¶57} Miller/Dube's third assignment of error is without merit.

17

**Foreclosure Claim**

**{¶58}** Miller/Dube's remaining assignments of error involve the trial court's granting of Mr. Dailey's motion for summary judgment on his foreclosure claim; therefore, we review them together. Our review is de novo. *Smathers*, *supra*, at ¶ 30.

*Homestead Exemption*

**{¶59}** In their first assignment of error, Miller/Dube contend that Mr. Dailey's foreclosure claim was statutorily barred because the combined amount of their homestead exemptions under R.C. 2329.66 exceeds the value of the real property.

**{¶60}** R.C. 2329.66(A)(1)(b) provides, in relevant part, "Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: * * * the person's *interest*, not to exceed one hundred twenty-five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." (Emphasis added.) This is often referred to as the "homestead exemption" and is generally applicable in executions against real property. *First Natl. Bank of Pennsylvania v. Jones*, 2014-Ohio-746, 6 N.E.3d 1231, ¶ 13 (11th Dist.).

**{¶61}** Even assuming Miller/Dube are entitled to claim homestead exemptions, the statute does not bar Mr. Dailey's foreclosure claim. R.C. 2329.66(D)(2) provides, in relevant part, that "[i]n all cases other than bankruptcy proceedings, * * * 'interest' shall be determined * * * as of * * * the issuance of a writ of execution." "An execution is a process of a court, issued by its clerk [or] the court itself, * * * and directed to the sheriff of the county." R.C. 2327.01(B)(1). The Supreme Court of Ohio has held that "[t]he proper time for the assertion of the debtor's claim, under the statutes to have such

18

homestead exempted from sale, is when the sheriff or other officer is about to execute the writ of execution or order of sale." *Gledhill v. Walker*, 143 Ohio St. 381, 385-386, 55 N.E.2d 647 (1944). *Accord Jones* at ¶ 20; *Adkins v. Massie*, 4th Dist. Lawrence No. 99CA18, 2001 WL 803031, *3 (Mar. 12, 2001) ("the debtor's right to exercise the homestead exemption is determined as of the date of execution, garnishment, attachment, or sale of the subject property"); *Gale v. Ficke*, 148 Ohio App.3d 657, 2002-Ohio-4030, 775 N.E.2d 548, ¶ 7 (8th Dist.) ("the statute contemplates the issue being raised after judgment has been rendered"). Accordingly, "the debtor's right to exercise the homestead exemption * * * is not a defense to the foreclosure." *Dover W. Condominium Unit Owners' Assn. v. Carandang*, 8th Dist. Cuyahoga No. 105490, 2017-Ohio-9168, ¶ 12.

{¶62} Miller/Dube rely on the language in R.C. 2329.66(D)(2) that permits the debtor's "'interest'" to be "determined as of the date of an appraisal, if necessary under section 2329.68 of the Revised Code * * *." As Miller/Dube correctly note, the docket reflects the filing of a "land appraisement" in 2021.

{¶63} Miller/Dube's reliance on this language is misplaced. It expressly references R.C. 2329.68, which, in turn, provides, "When it is necessary to ascertain the amount or value of *personal property* exempt under sections 2329.63 to 2329.71 of the Revised Code, it shall be estimated and appraised by two disinterested householders of the county, who shall be selected by the officer holding the execution and sworn by the officer to impartially make the appraisement." (Emphasis added.). Thus, this portion of R.C. 2329.66(D)(2) references an appraisal of *personal* property, not *real* property.

19

{¶64} By contrast, Miller/Dube's real property was appraised pursuant to R.C. 2329.17(A), which provides, "When execution is levied upon *lands and tenements*, the sheriff shall call an inquest of three disinterested freeholders, who are residents of, and real property owners in, the county where the lands taken in execution are situated, who shall appraise the property so levied upon, upon actual view." (Emphasis added.) In addition, the trial court vacated the order of sale under which the real property was appraised, resulting in the prior appeal and cross-appeal.

{¶65} Miller/Dube next contend that even if Mr. Dailey's foreclosure claim is not statutorily barred, it is barred by equity. According to the Supreme Court of Ohio, however, "Where a right is statutory[,] it should not be extended beyond the scope of the statute, however inequitable the result may seem. 'Equity follows the law' is the applicable maxim in determining the extent of such a statutory right." *Civ. Serv. Personnel Assn., Inc. v. Akron*, 48 Ohio St.2d 25, 27, 356 N.E.2d 300 (1976). Therefore, "[w]hen the rights of parties are clearly defined and established by law (especially when the source of such definition is through constitutional or statutory provision) the maxim 'equity follows the law' is usually strictly applied." *Id.* Essentially, Miller/Dube ask us to expand the scope of R.C. 2329.66(D)(2) in the name of "equity," which is not permissible.

{¶66} Contrary to Miller/Dube's assertion, the Ninth District's decision in *Scalise v. Cushman*, 9th Dist. Summit No. 27216, 2014-Ohio-4781, and this court's decision in *Jones*, *supra,* do not support their equitable argument. In *Jones*, the issue on appeal involved the applicable amount of the homestead exemption as a result of amendments to R.C. 2329.66(D)(2). *See id.* at ¶ 15, ¶ 21-22.

20

{¶67} In *Scalise*, the trial court granted the property owners' motion for summary judgment because it found the amount of the homestead exemption exceeded the value of the property. *Id.* at ¶ 5. However, the issue on appeal, as in *Jones*, was the applicable amount of the homestead exemption. *See Scalise* at ¶ 6 ("In its sole assignment of error, [appellant] argues that the trial court erred in applying the 2013 homestead exemption amount instead of the exemption amount in effect when its lien was filed.").

{¶68} While the unpublished decision of the Clermont County Court of Common Pleas in *Home Again Restoration, Ltd. v. Garrett*, Clermont C.P. No. 2015 CVE 00384 (Apr. 4, 2016), does support Miller/Dube's argument, it is not persuasive. In that case, the court determined that a judgment in foreclosure was not "an equitable remedy for the defendant's default because the plaintiff will not be in any better position following the sale." *Id.* at 17. However, the court primarily relied on *Scalise*, which does not stand for this proposition. Also, the court did not acknowledge or apply the Supreme Court of Ohio's "equity follows the law" maxim discussed above. Accordingly, Mr. Dailey's foreclosure claim is not equitably barred.

{¶69} Miller/Dube's first assignment of error is without merit.

### Priority

{¶70} Finally, in their second assignment of error, Miller/Dube contend that the decree of foreclosure is contrary to law because it gives Mr. Dailey's judgment lien priority over their statutory homestead exemptions.

{¶71} R.C. 2329.661(A)(1) provides, in relevant part, that the exemptions in R.C. 2329.66(A)(1) "do[] not * * * [e]xtend to a judgment rendered on a mortgage executed, or security interest given on real or personal property by a debtor * * *." Courts have

21

construed this provision to mean that "while consensual liens have priority over exempted interests and rights, nonconsensual liens, such as [a] judgment lien * * *, may not be satisfied from exempted interests and rights of the debtor provided for by [R.C.] 2329.66. In short, the debtors' homestead exemption is entitled to priority over [a] nonconsensual judicial lien under Ohio law." *In re Smith*, 92 B.R. 287, 292 (Bankr.S.D.Ohio 1988). *See also Markle v. Wayne S. & L. Co.*, 5th Dist. Ashland No. 98-COA-01274, 1999 WL 547443, *3 (June 29, 1999) ("A judicial lien, unlike a mortgage lien, is obtained involuntarily by judgment, levy, sequestration, or other legal or equitable process or proceeding"); *State S. & L. Co. v. Parker*, 11th Dist. Lake No. 11-162, 1986 WL 13289, *5 (Nov. 21, 1986) (homestead exemption was superior to judgment lien).

{¶72} While Miller/Dube correctly state the law, they do not establish reversible error. The trial court's decree of foreclosure does not state that Mr. Dailey's judgment lien has priority over Miller/Dube's homestead exemptions. It merely states that the judgment lien is the "first lien." The homestead exemption, as its name indicates, is an exemption, not a lien. *See* R.C. 2329.66(A).

{¶73} Miller/Dube's second assignment of error is without merit.

{¶74} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.